United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 29, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

05-41498

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SERGIO GUADALUPE MARTINEZ-VEGA,

Defendant-Appellant.

———————————————————————————

Appeal from the United States District Court for the
Southern District of Texas

———————————————————————————

Before BARKSDALE, BENAVIDES, and OWEN, Circuit Judges.

BENAVIDES, Circuit Judge:

The principal issue on this direct criminal appeal is whether the district court plainly erred in assessing a 16-level enhancement to Appellant's sentence based on the determination that Appellant's prior state conviction for sexual assault was a crime of violence under the sentencing guidelines. Finding no plain error, we AFFIRM.

Appellant Sergio Guadalupe Martinez-Vega pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. Appellant's base offense level was eight. Pursuant to U.S.S.G. §

2L1.2(b)(1)(A)(ii), the district court increased his offense level by 16 levels based on a prior conviction for a "crime of violence." An offense qualifies as a crime of violence if it includes an element of force or constitutes an enumerated offense. U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)). Section 2L1.2 includes among the enumerated offenses the crimes of "statutory rape" and "sexual abuse of a minor." *Id.* The guidelines, however, "do not define the enumerated crimes of violence," and therefore, "this court adopts a 'common sense approach,' defining each crime by its 'generic, contemporary meaning.'" *United States v. Sanchez-Ruedas*, 452 F.3d 409, 412 (5th Cir.) (citations omitted), *cert. denied,* ___ S.Ct. ___, (No. 06-5932) 2006 WL 2387388 (Oct. 2, 2006).

The presentence report (PSR) stated that, in 1994, Appellant had pleaded guilty to "sexual assault, a lesser included offense" in Hidalgo County, Texas. The PSR further stated that the conviction stemmed from his sexual abuse of his four-year-old daughter. At the sentencing hearing, Appellant responded affirmatively to the court's question whether "everything in the report [was] correct?" After a reduction for acceptance of responsibility, Appellant's sentencing range was 37 to 46 months. The district court sentenced Appellant to 37 months. He now appeals.

For the first time on appeal, Appellant challenges the 16-level enhancement, arguing that the district court record does not

2

establish that his prior sexual assault conviction is a crime of violence under § 2L1.2(b)(1)(A)(ii). Before an appellate court can correct an error not raised below, there must be (1) error; (2) that is plain; and (3) that affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732-34, 113 S.Ct. 1770, 1777-78 (1993). If all three prerequisites are met, the court may exercise its discretion to correct a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. 507 U.S. at 735-37, 113 S.Ct. at 1778-79. Further, the Supreme Court has made clear that we determine whether the error was plain at the time of appellate consideration—not at the time of trial. *See United States v. Johnson,* 117 S.Ct. 1544, 1549 (1997) (holding that the intervening change in the law made the error plain on appeal).

Although the parties agree that Appellant's sexual assault conviction was in violation of Tex. Penal Code § 22.011, they do not agree as to the particular subsection of the statute. In determining which subsection of a statute has been violated, courts are limited to relying on the following records: the "'charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *United States v. Gonzalez-Chavez,* 432 F.3d 334, 337-38 (5th Cir. 2005) (quoting *Shepard v. United States,* 544 U.S. 13, 16, 125 S.Ct. 1254, 1257 (2005)). Here, the district

court's sole reliance on the PSR to determine that the prior conviction was a crime of violence constituted clear and obvious error under Supreme Court and Fifth Circuit precedent. *United States v. Ochoa-Cruz,* 442 F.3d 865, 867 (5th Cir. 2006). However, as previously set forth, the question is whether there is plain error at the time of appellate consideration.

Appellant contends that the record is insufficient to demonstrate that his prior conviction for sexual assault constituted a "crime of violence" under § 2L1.2.[1] Subsequent to the filing of Appellant's opening brief, this Court granted the government's motion to supplement the record on appeal with the indictment and the judgment pertaining to Appellant's prior conviction for sexual assault in Texas.[2] The charge in the indictment read as follows:

> SERGIO VEGA MARTINEZ hereinafter styled Defendant, on or about the 23rd day of June A.D., 1993, and before the presentment of this indictment, in Hidalgo County, Texas, did then and there, intentionally and knowingly cause his sexual organ to penetrate the mouth of Jasmin Crystal Martinez, the victim, a child younger than 17 years of age and not the spouse of the defendant, and the victim was then and there younger than 14 years of age.

---

[1] In Appellant's opening brief, he argues that his conviction did not involve use of force, and, therefore, the enhancement constituted plain error. However, this Court has held that even if an enumerated offense does not include an element of force, it is nonetheless a crime of violence because it is enumerated. *United States v. Rayo-Valdez*, 302 F.3d 314, 317 (5th Cir. 2002).

[2] Appellant opposed supplementation of the record with the indictment but not the judgment.

4

The indictment specifically provided that the charge was first degree aggravated sexual assault. Although the indictment did not provide a cite for the statute, it is Texas Penal Code § 22.021(a)(2)(B). Appellant did not plead guilty to that charge. Instead, the state court judgment provides that Appellant pleaded guilty to "*the* lesser charge contained in the Indictment." (emphasis added). The judgment specifically referred to the conviction as the second degree offense of sexual assault. As previously stated, although the parties agree that Appellant pleaded guilty to sexual assault in violation of Texas Penal Code § 22.011, they dispute which subsection.

Relying on the indictment and judgment, the government asserts Appellant was convicted of sexual assault of a child in violation of Tex. Penal Code § 22.011(a)(2). As set forth previously, sexual abuse of a minor is one of the enumerated offenses under § 2L1.2 that constitute a crime of violence. This Court has held that:

> Gratifying or arousing one's sexual desires in the actual or constructive presence of a child is sexual abuse of a minor. Taking indecent liberties with a child to gratify one's sexual desire constitutes "sexual abuse of a minor" because it involves taking undue or unfair advantage of the minor and causing such minor psychological-if not physical-harm.

*United States v. Izaguirre-Flores*, 405 F.3d 270, 275-76 (5th Cir.) (footnotes omitted), *cert. denied,* ___ U.S. ___, 126 S.Ct. 253 (2005). If gratifying one's sexual desires while in the presence

5

of a minor constitutes sexual abuse of a minor, then sexual assault of a child certainly constitutes sexual abuse of a minor.

Nonetheless, relying on *United States v. Turner,* Appellant argues that this Court may not rely on the state court indictment to determine whether the offense constituted a crime of violence. 349 F.3d 833 (5th Cir. 2003). *Turner* involved the question of whether a prior conviction constituted a crime of violence under a different guideline, § 2K2.1(a)(4)(A). *Id.* at 835. In that case, we found the district court erred in relying on the indictment because the defendant pleaded guilty to a lesser included offense and was not reindicted on that count. *Id.* at 836. Unlike the instant case, however, *Turner* was not limited to plain error review. Here, the judgment provides that Appellant pleaded guilty to "*the* lesser charge contained in the Indictment." (emphasis added). The lesser included charge in Appellant's indictment was sexual assault of a child under the age of seventeen. Appellant argues that the above-quoted language was likely boiler plate and that the judgment in *Turner* may have contained the same language. That argument offers Appellant no succor. On this appeal, he has the burden of demonstrating plain error.

Moreover, at his sentencing hearing, Appellant, through an interpreter, indicated to the judge that: (1) he had reviewed the PSR with his attorney; (2) he had no questions regarding the report; and that (3) "everything in the report [was] correct." As

6

previously set forth, the PSR provided that the victim of his prior conviction for sexual assault was his four-year-old daughter. A "district court can use all facts admitted by the defendant in determining whether the prior conviction qualifies as an enumerated offense under § 2L1.2." *United States v. Mendoza-Sanchez,* 456 F.3d 479, 483 (5th Cir. 2006). We recognize that Appellant's admission of the correctness of the contents of the PSR was a rather broad admission.[3] Nonetheless, we are confident that, in view of this admission, combined with the state court judgment's reference to "*the* lesser included charge contained in the Indictment," which was sexual assault of a minor, Appellant has failed to demonstrate that the error was clear or obvious. *See United States v. Fernandez-Cusco,* 447 F.3d 382, 388 (5th Cir.) (holding that "[i]n the light of this record, including as supplemented on appeal, the crime-of-violence enhancement constitutes neither 'clear' nor 'obvious' error"), *cert. denied,* ___ S.Ct. ___, (No. 06-5017) 2006 WL 1880951, (Oct 02, 2006). Thus, he has failed to show that the

---

[3] To be clear, reliance on a PSR to determine whether a prior conviction constitutes a crime of violence is clear and obvious error. *Ochoa-Cruz*, 442 F.3d at 867. Here, however, we are relying on Appellant's *admission* of facts that happen to be in the PSR—not the PSR in and of itself. In her concurring opinion, Judge Owen construes Martinez-Vega's admission to be that the PSR correctly set forth the contents of the Sheriff's Office offense report. We do not believe we are precluded from relying on the admission to bolster our conclusion that Appellant has failed to shoulder his burden of proving plain error. *See Mendoza-Sanchez*, 456 F.3d at 483.

error is plain at the time of appellate consideration.[4]  This claim affords him no relief.[5]

The district court's judgment is AFFIRMED.

<span style="color: red;">ENDRECORD</span>

---

[4]  In light of his failure to satisfy the first two prongs of the plain error test, we need not reach the remaining prongs. Additionally, because we conclude that Appellant has failed to satisfy the plain error test, we need not reach the question of whether Appellant's admission constituted invited error.

[5]  Finally, Appellant argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000).  Appellant preserved this claim by objecting in the district court.  Although Appellant has briefed the issue, he admits that it is foreclosed in this Court and raises it solely for possible Supreme Court review.

PRISCILLA RICHMAN OWEN, Circuit Judge, concurring.

I concur in the court's opinion with the exception of its reliance on Martinez-Vega's admission that "everything in the [presentence] report [was] correct."

The issue before us is whether Martinez-Vega had previously been convicted of assaulting a child under the age of seventeen. The state-court judgment of conviction at issue recites that Martinez-Vega "pled GUILTY to the LESSER charge contained in the Indictment."[1] The lesser charge in the indictment stated that Martinez-Vega "did then and there, intentionally and knowingly cause his sexual organ to penetrate the mouth of [JCM], the victim, a child younger than 17 years of age and not the spouse of the defendant."[2] We need look no

---

[1]Emphasis in original.

[2]The grand jury's indictment stated in full:

THE GRAND JURY, for the County of Hidalgo, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the July Term A.D. 1993 of the 275th Judicial District Court for said County, upon their oaths

9

further.

Reliance on Martinez-Vega's admission regarding the content of the presentence report (PSR) is problematic for a number of reasons, one of which is that the PSR simply summarizes what a Hidalgo County, Texas Sheriff's Office offense report said in connection with the prior conviction.[3]

present in and to said court at said term that SERGIO VEGA MARTINEZ hereinafter styled Defendant, on or about the 23rd day of June A.D., 1993, and before the presentment of this indictment, in Hidalgo County, Texas, did then and there, intentionally and knowingly cause his sexual organ to penetrate the mouth of [JCM], the victim, a child younger than 17 years of age and not the spouse of the defendant, and the victim was then and there younger than 14 years of age.

[3]The PSR says, in pertinent part:

According to the offense report from the Hidalgo County Sheriff's Office, on June 23, 1993, the female victim, age 4, woke up her mother, Rosa Velasquez, and told her that the defendant was in her room and was putting his penis in her mouth. It is noted that the defendant is the victim's father, but did not reside in the residence with the child and mother. The mother immediately got up and confronted the defendant about the child's allegation, which he denied. She demanded that the defendant take her and the child to the hospital for a check-up. The defendant hesitated, but eventually agreed to take them to the hospital. At the hospital, the child admitted to such and that the same had also occurred 15 days prior. An officer questioned the defendant and observed that he was intoxicated. The defendant denied the allegation and stated that Ms. Velasquez was just being spiteful. The officer arrested the defendant for public intoxication after he noted that the defendant was having difficulty standing. Later at the police station, the defendant again denied the allegation, but stated that he would be willing to plead to a reduced charge because it would mean less time that he would have to serve. The officer asked the defendant why he would plead guilty if he denied the allegation. The defendant became upset and refused to answer further questions. The disposition of the public intoxication charge was undetermined.

On September 23, 1993, Ms. Velasquez submitted a case dismissal request citing that

10

When Martinez-Vega agreed that the "everything in the report [was] correct," he admitted only that the PSR accurately recounted what was in the sheriff's office report, not that he actually performed any or all of the conduct described in that report.

Even if Martinez-Vega now admits that he sexually assaulted his daughter when she was four years old, which he has not done, that is not the same as admitting he was *convicted* of assaulting a four-year-old child. As we have seen, the record of conviction reflects that he was convicted of sexually assaulting a child younger than seventeen but he was not convicted of sexually assaulting a child younger than fourteen. Because of Martinez-Vega's guilty plea to the lesser included offense, the government was never required to prove the greater offense.

The district court may certainly consider any admission by Martinez-Vega that he did in fact sexually assault his daughter when she was four years old in deciding whether an upward departure is warranted, but such an admission cannot be the

she did not want to traumatize her daughter further through continued questioning. Obviously, the charges were not dismissed, but the defendant was allowed to plead guilty to the lesser charge of sexual assault. The Indictment indicates that the defendant was originally charged with aggravated sexual assault, 1st degree felony.

basis for an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).