United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41273
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

GERMAN LANDEROS-REYES

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-442-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

German Landeros-Reyes (Landeros) appeals from the 23-month sentence imposed following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He argues for the first time on appeal that § 1326(b) is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). He also argues for the first time that his prior misdemeanor assault convictions were not crimes of violence for purposes of enhancement under U.S.S.G. § 2L1.2(b)(1)(E).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Landeros's challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Landeros contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Landeros properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Landeros's challenge to the district court's guidelines calculations is reviewed for plain error only. See United States v. Villegas, 404 F.3d 355, 358 (2005). The four-level enhancement under § 2L1.2(b)(1)(E) is appropriate where the defendant has three or more misdemeanor convictions for crimes of violence. The district court relied on Landeros's misdemeanor convictions for assault under Texas law to justify the enhancement. Subsequent to sentencing, this court held that the crime of misdemeanor assault under Texas law, even when committed by causing bodily injury, is not a crime of violence under the Guidelines. See United States v. Villegas-Hernandez, 468 F.3d 874, 882 (5th Cir. 2006); United States v. Fierro-Reyna, 466 F.3d 324, 326 (5th Cir. 2006). Therefore, as the Government concedes, the district court plainly erred by applying the enhancement.

See <u>United States v. Martinez-Vega</u>, 471 F.3d 559, 561 (5th Cir. 2006).  Contrary to the Government's view, this error affected Landeros's substantial rights and affected the fairness and integrity of the judicial proceedings.  See <u>Garza-Lopez</u>, 410 F.3d at 275; <u>United States v. Gonzales</u>, ____ F.3d ____ , No. 05-41221, 2007 WL 1063993 at *3 (5th Cir. Mar. 7, 2007).  Accordingly, Landeros's sentence is VACATED, and the case is REMANDED for resentencing.