# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2008

Charles R. Fulbruge III
Clerk

No. 06-50554
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE DIMAS NAVARRO-PADILLA, also known as Dimas Padilla Navarro, also known as Demis Navarro, also known as Dimas Navarro-Padilla, also known as Dimas Navarro, also known as Damos Navarro

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-170-1

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Dimas Navarro-Padilla appeals the sentence imposed following his guilty plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. Navarro-Padilla argues that the district court plainly erred in finding that his prior New York conviction for sexual abuse in the first degree was a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Navarro-Padilla did not object in the district court to the enhancement of his offense level under § 2L1.2, we review his sentence for plain error. See United States v. Olano, 507 U.S. 725, 731-37 (1993). As the presentence report's assertion that Navarro-Padilla's offense of sexual abuse was a crime of violence was the only basis for the district court's application of the enhancement, the district court committed error that was clear or obvious. See United States v. Martinez-Vega, 471 F.3d 559, 562 (5th Cir. 2006). We determine whether the error is plain, however, at the time of appellate consideration, not at the time of trial. Id. at 561.

The record, as supplemented on appeal, makes clear that Navarro-Padilla was indicted for one count of sodomy in the first degree in violation of N.Y. PENAL LAW § 130.50(3) for engaging in "deviate sexual intercourse with another person who [was] less than eleven years old, to wit: a six year old male." The certificate of his conviction indicates that he pleaded guilty to the lesser offense of sexual abuse in the first degree in violation of N.Y. PENAL LAW § 130.65. Although the offense of sexual abuse in the first degree can be committed in various ways, the indictment makes clear that Navarro-Padilla pleaded guilty to § 130.65(3) for having sexual contact with a person under 11 years old.

The New York offense of sexual abuse in the first degree under § 130.65(3) constitutes the enumerated offense of sexual abuse of a minor under § 2L1.2. See United States v. Izaguirre-Flores, 405 F.3d 270, 275-76 (5th Cir. 2005). Accordingly, Navarro-Padilla has failed to show that the district court's error in enhancing his offense level under § 2L1.2 is plain at the time of appellate consideration. See Martinez-Vega, 471 F.3d at 563; see also United States v. Fernandez-Cusco, 447 F.3d 382, 388 (5th Cir.), cert. denied, 127 S. Ct. 194 (2006). Navarro-Padilla's sentence is AFFIRMED.