**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-10041
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MONDRE DONYEE NEAL

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:07-CR-6-ALL

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mondre Donyee Neal appeals the sentence imposed following his guilty-plea conviction for felony possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). He argues that the district court erred in finding that his deadly conduct conviction under TEX. PENAL CODE § 22.05 was a crime of violence under U.S.S.G. § 2K2.1(a)(2). We do not consider whether Neal filed a timely notice of appeal because, for the reasons stated below, we conclude that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his appeal has no merit. *See United States v. Martinez,* 496 F.3d 387, 388-89 (5th Cir.), *cert. denied*, 128 S. Ct. 728 (2007).

The Government has moved for leave to supplement the record and for summary affirmance or, in the alternative, for an extension of time to file an appellate brief. We grant the Government's motion to supplement the record with certified copies of the indictment from Neal's deadly conduct case, a motion to dismiss three of the four deadly conduct counts charged in the indictment, and the final judgment on the remaining deadly conduct count. *See United States v. Martinez-Vega*, 471 F.3d 559, 562 & n.2 (5th Cir. 2006).

Neal has not previously challenged the district court's characterization of his deadly conduct conviction as a crime of violence. Accordingly, as Neal concedes, our review of the issue is for plain error. *See United States v. Gonzales*, 484 F.3d 712, 714 (5th Cir.), *cert. denied*, 127 S. Ct. 3031 (2007). To show plain error, Neal must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), ___ F.3d. ___, 2009 WL 56591 (2009). If Neal makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record as supplemented makes clear that Neal was convicted under TEX. PENAL CODE § 22.05 (b)(1) for shooting a firearm in the direction of Oneshia Walker. An offense under § 22.05(b)(1) constitutes a crime of violence under § 2K2.1(a)(2). *See* § 2K2.1, comment. (n.1); *United States v. Hernandez-Rodriguez,* 467 F.3d 492, 494-95 (5th Cir. 2006). Accordingly, Neal has failed to show that the error in enhancing his offense level under § 2K2.1 is clear or obvious at the time of appellate consideration. *See Martinez-Vega*, 471 F.3d at 563; *see also United States v. Fernandez-Cusco,* 447 F.3d 382, 388 (5th Cir. 2006).

The judgment of the district court is AFFIRMED. The Government's motion to supplement the record and for summary affirmance is GRANTED.

The Government's alternative motion for an extension of time to file an appellate brief is DENIED.