# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2012

No. 10-20500
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FLORENCIO MENDEZ PALMA, also known as Florencio Palma Mendez, also know as Florencio M. Palma,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-38-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

After Defendant-Appellant Florencio Mendez Palma pleaded guilty to being an alien found in the United States after having been deported, in violation of 8 U.S.C. § 1326, he was sentenced to 36 months of imprisonment. For the first time on appeal, Palma contends that the district court erred in applying a 16-level enhancement based on the record before it and in sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him under the statutory maximum set forth in 8 U.S.C. § 1326(b)(2), because he did not admit the fact of his prior deportation.

As Palma did not raise these issues in the district court, review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To demonstrate plain error, Palma must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If Palma makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Palma claims that the district court plainly erred in applying a 16-level enhancement based on his prior conviction for aggravated sexual assault which the presentence report (PSR) characterized as a crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (Nov. 2009). To the extent that the district court relied solely on the PSR to make its determination that this prior conviction was a crime of violence, this was error. See *United States v. Garza–Lopez*, 410 F.3d 268, 274 (5th Cir. 2005). The district court may, however, use facts admitted by the defendant in making this determination. *See United States v. Martinez-Vega*, 471 F.3d 559, 563 (5th Cir. 2006). Through counsel, Palma indicated that he had no dispute with the facts set forth in the PSR. He has, therefore, failed to show error that was clear or obvious in this regard. *See id.* Moreover, by failing to assert that his conviction was not a crime of violence as defined in the commentary to § 2L1.2, Palma has failed to show that he would have received a lesser sentence. *See United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (5th Cir. 2006).

Relying on *United States v. Rojas-Luna*, 522 F.3d 502, 504 (5th Cir. 2008), Palma contends that because he did not admit the fact of his prior deportation, the district court plainly erred in sentencing him under the statutory maximum set forth in § 1326(b)(2). Although Palma did not explicitly admit the fact of his prior deportation at rearraignment, his plea of "guilty" immediately following

the government's proffer and the district court's explanation of the elements of the offense was tantamount to an admission. In addition, the district court was entitled to rely on Palma's admission of the facts contained in the PSR to apply § 1326(b)(2)'s statutory maximum. *See United States v. Ramirez*, 557 F.3d 200, 204-05 (5th Cir. 2009). On these facts, the district court did not clearly or obviously err by applying the enhanced penalty range of § 1326(b)(2).

The judgment of the district court is AFFIRMED.