# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 7, 2012

Lyle W. Cayce
Clerk

No. 11-10420
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALONSO SERRANO-CHAIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:10-CR-57-1

Before WIENER, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Alonso Serrano-Chairez appeals his conviction of illegal reentry following removal. His sole contention is that the district court committed reversible plain error by adjusting his offense level by 16 levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), because it based the adjustment only on the presentence report's characterization of his burglary conviction, without reference to any documents approved by *Shepard v. United States*, 544 U.S. 13 (2005). The government has supplemented the record with state court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

documents relevant to Serrano-Chairez's prior conviction and has moved alternatively for summary affirmance, dismissal, or an extension of time in which to file a brief.

As no objection was raised to the 16-level adjustment in the district court, our review is for plain error. *See United States v. Martinez-Vega*, 471 F.3d 559, 561 (5th Cir. 2006). To establish plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 556 U.S. 129, 135 (2009). If the defendant makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The state court documents indicate that Serrano-Chairez was convicted of burglary by entering a habitation with the intent to commit theft, pursuant to section 30.03(a)(1) of the Texas Penal Code. The prior conviction constituted a crime of violence, *see United States v. Constante*, 544 F.3d 584, 585-86 (5th Cir. 2008). Serrano-Chairez cannot demonstrate reversible plain error, *see Puckett*, 556 U.S. at 135.

AFFIRMED; MOTION DENIED AS MOOT.