# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40281
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA WALLACE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-595-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Joshua Wallace appeals the sentence imposed on remand following his guilty plea to being a felon in possession of a firearm. He claims that the district court erred in determining that his Limestone County, Texas, and Navarro County, Texas, convictions for burglary triggered application of the enhanced penalties under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). Reviewing the district court's application of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40281

§ 924(e) sentencing enhancement de novo, *United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008), we affirm.

Three qualifying convictions are necessary for enhancement under § 924(e)(1) and U.S.S.G. § 4B1.4, cmt. (n.1). The issue here is whether Wallace has three prior convictions for violent felonies. *See* § 924(e) (2)(B)(ii). Burglary is one of the enumerated offenses identified in § 924(e) as a violent felony. § 924(e)(2)(B)(ii). "Burglary" has been interpreted in § 924(e) in terms of its modern, generic usage, which the Supreme Court has held must contain, at a minimum, the following elements: "'an unlawful unprivileged entry into, or remaining in, a building or other structure, *with intent to commit a crime*.'" *Constante*, 544 F.3d at 585 (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)).

Texas defines burglary as follows:

(a) A person commits an offense if, without the effective consent of the owner, the person:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or

(2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or

(3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault

TEX. PEN. CODE Ann. § 30.02 (Vernon 2011).

We have previously held that a conviction under § 30.02(a)(1) qualifies as a generic burglary for purposes of the ACCA. *United States v. Silva*, 957 957 F.2d 157, 162 (5th Cir. 1992). In *Constante*, however, we held that a § 30.02(a)(3) conviction was not a generic burglary as defined by *Taylor* because it did not contain an element of intent to commit a felony, theft, or

2

assault at the moment of entry; thus, it was not a violent felony for § 924(e) purposes.  544 F.3d at 587.

Wallace argues that because the judgments in his burglary cases establish that his convictions were second degree felonies, they are necessarily convictions under § 30.02(a)(3) because only a § 30.02(a)(1) conviction is a first degree felony.  In *United States v. Conde-Castaneda,* 753 F.3d 172, 176 (5th Cir.), *cert. denied*, 2014 WL 4249011 (U.S. Oct. 6, 2014) (No. 14-6009), we held that the modified categorical approach set forth in *Taylor* is applicable to determine which of the three alternatives of § 30.02(a) formed the basis of the defendant's conviction in assessing whether he qualified for a § 2L1.2(b)(1)(A)(ii) crime-of-violence enhancement.  In *Conde-Castaneda*, we held that when the indictment charged the defendant with violating both § 30.02(a)(1) and § 30.02(a)(3), and the judgment recited only that he had been convicted under § 30.02(c)(2), resort could be had to the defendant's "boiler plate" judicial confession.  753 F.3d at 174, 177-78.  In that confession, he admitted to every act alleged in the indictment, so we held that the judicial confession was sufficient to establish that his conviction rested on both subsections (a)(1) and (a)(3), as charged in the indictment.  *Id*. at 174, 177-78. Having previously held that a § 30.02(a)(1) conviction constitutes "burglary of a dwelling" under the Sentencing Guidelines, we held that the judicial confession established that his crime of violence enhancement had been correctly imposed.  *Id*. at 178-79.

In Wallace's case, his indictment in the Limestone County burglary did not list the statute under which he was charged, but it alleged that he "then and there, *with intent to commit theft*, intentionally and knowingly enter[ed] a habitation, without the effective consent of [the owner] thereof[.]" (emphasis added).  The judgment made no reference to the statute of conviction but

established that Wallace pleaded guilty to the indictment and was convicted of a second degree felony.  In a document entitled "Recitations of Judgment," however, the court asked Wallace "whether he was guilty of the offense alleged in said charging instrument and [Wallace] [] answered in person that he was guilty."  The court also stated that it was of the opinion that Wallace was "guilty of the offense . . . as charged in [the] charging instrument."  Consequently, the modified categorical approach supports a determination that Wallace was convicted under § 30.02(a)(1), which contains as an element the requisite intent and is therefore an appropriate predicate offense under the ACCA.  *See Silva*, 957 F.2d at 162.

As for the Navarro County burglary, the indictment charged that Wallace "did then and there, with the intent to commit theft, intentionally and knowingly enter a habitation, without the effective consent of [the owner]."  As in *Conde-Castaneda*, the judgment stated only that Wallace was convicted under § 30.02(c)(2).  *See* 753 F.3d at 177.  Section 30.02(c)(2) simply provides that a burglary conviction is a second degree felony if committed in a habitation.  TEX. PENAL CODE Ann. § 30.02(c)(2).  Nevertheless, as in *Conde-Castaneda*, Wallace judicially confessed that he intentionally and knowingly entered a habitation without consent of the owner "with the intent to commit theft," thus meeting all the elements of § 30.02(a)(1).  Consequently, under *Conde-Castaneda*, this burglary also qualifies as a violent felony and predicate offense for the ACCA.  *See* 753 F.3d at 174.

Wallace insists that *Conde-Castaneda* does not foreclose his argument that a second degree burglary conviction under § 30.02(c)(2), which has no intent element, must be treated as a § 30.02(a)(3) conviction and thus may not serve as a predicate offense under the ACCA.  Wallace contends that we have not yet decided whether the absence of an intent requirement in §30.02(c)(2)

means that the conviction may still be considered a violation of § 30.02(a)(1). This argument is unpersuasive because, in *Conde-Castaneda*, the judgment listed the statute of conviction as § 30.02(c)(2), but we still concluded that the modified categorical approach supported a determination that the defendant was convicted under § 30.02(a)(1), having confessed to all the elements of that subsection. 753 F.3d at 177-78.

In summary, the district court did not err in holding that Wallace's Limestone County and Navarro County burglary convictions served as predicate offenses for purposes of the ACCA enhancement. As Wallace conceded that his escape conviction rightly served as a predicate offense, a total of three prior violent felony convictions qualified him for the enhancement. *See* § 924(e)(1).

AFFIRMED.