# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30779
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL RIVAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-cr-28-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Manuel Rivas appeals the 72-month sentence imposed following his jury trial conviction for failing to depart from the United States. Rivas argues that the district court plainly erred in applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on his 2009 Arkansas conviction for second degree sexual assault. Rivas argues that the district court plainly erred in relying solely on the PSR in determining whether to apply the enhancement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30779

The Government supplemented the record on appeal with documents, including a prosecutor's report, which it contends can be used to narrow the statute under which Rivas was convicted, but Rivas asserts that report should not be considered by this court because it is not a reliable document under *Shepard v. United States*, 544 U.S. 13, 16 (2005).

Rivas did not object in the district court to the application of the 16-level enhancement. Accordingly, his procedural challenge to his sentence is reviewed for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012).

We need not address whether the prosecutor's report is sufficiently reliable under *Shepard* because Rivas's admissions in the district court were sufficient, on plain error review, to narrow the subsection of the Arkansas statute of conviction to a forcible sex offense. The presentence report (PSR) reflects that Rivas engaged in sexual intercourse or sexual activity with another person by forcible compulsion, that Rivas digitally penetrated the vagina of his female victim, that the victim was eight years-old, and that Rivas was 40 years-old at the time of the offense. Rivas admitted that he reviewed the PSR carefully, that he had no objections to the PSR, that there were no errors in the PSR, and that no corrections, alterations, or additions to the PSR were necessary.

"A district court can use all facts admitted by the defendant in determining whether the prior conviction qualifies as an enumerated offense under § 2L1.2." *United States v. Martinez-Vega*, 471 F.3d 559, 563 (5th Cir. 2006) (internal quotation marks and citation omitted). Thus, Rivas's admissions narrow the statute of conviction to § 5-14-125(a)(1) of the Arkansas Code, which this court has held is a forcible sex offense that qualifies as a crime of violence for purposes of § 2L1.2. *See United States v. Herrera*, 647 F.3d 172,

2

177-80 (5th Cir. 2011); U.S.S.G. § 2L1.2, comment. (n.1(B)(iii).   Thus, the application of the enhancement did not constitute clear or obvious error in light of Rivas's admissions.  *See Martinez-Vega*, 471 F.3d at 563; *see also United States v. Jenkins*, 487 F.3d 279, 281 (5th Cir. 2007) (concluding that the district court did not commit clear or obvious error in applying a sentencing enhancement where the record was silent regarding whether the district court had examined any supporting *Shepard*-approved documents but the defendant admitted that his prior convictions were felonies).

Accordingly, the judgment of the district court is AFFIRMED.

No. 13-30779

HAYNES, Circuit Judge, specially concurring:

I concur in the judgment of the court but write separately to clarify that this case should not be read as a suggestion that an "admitted-to" PSR is alone sufficient to support a crime of violence enhancement. In this case, the PSR section in question begins "According to court records," and then proceeds to describe the facts regarding the age of the victim and the conduct in question, thus reasonably implying that this factual information came from the "court records." On plain error review, we cannot assume that these "court records" were not "*Shepard*-approved" court records, and thus we cannot conclude that the district court erred in relying upon these court records that describe the facts of the offense. In turn, these facts are consistent only with sections of the Arkansas statute that clearly constitute a "crime of violence." Accordingly, I concur in affirming the district court's judgment.