# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40190

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

   Plaintiff - Appellee

v.

DAVID ALEJANDRO HERNANDEZ–BORJAS,

   Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1485

Before CLEMENT and HAYNES, Circuit Judges, and GARCIA MARMOLEJO, District Judge.*

PER CURIAM:**

  David Alejandro Hernandez–Borjas pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326 and appeals his 80-month sentence. Hernandez–Borjas argues the district court erred by applying a 16-level crime of violence nhancement based on his Texas conviction for burglary of a habitation. For the following reasons, we AFFIRM Hernandez–Borjas's sentence.

---

 * District Judge of the Southern District of Texas, sitting by designation.

 ** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40190

**I.**

Hernandez–Borjas pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. The Presentence Investigation Report (PSR) began with a base offense level of 8 and calculated that Hernandez–Borjas was subject to a 16-level crime of violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for his Texas conviction for burglary of a habitation.

Hernandez–Borjas objected to the 16-level enhancement, arguing the Government failed to prove that his second-degree felony burglary conviction was a crime of violence. The judgment of the conviction only listed "BURGLARY OF HABITATION, A LESSER INCLUDED OFFENSE," and Texas Penal Code § 30.02(c)(2)—a penalty provision. According to Hernandez–Borjas, although the indictment charged him with violating § 30.02(a)(1), the judgment did not rule out the possibility that he was convicted under § 30.02(a)(3), which is not crime of violence. The district court, however, overruled the objections and agreed with the Government's position that § 30.02(a)(3) cannot be a lesser-included offense of § 30.02(a)(1) because the two have different elements.

After a reduction for acceptance of responsibility, Hernandez–Borjas's total offense level was 21 and his criminal history was category IV, which resulted in a guideline range of 77–96 months. The district court sentenced Hernandez–Borjas within the Guidelines to 80 months of imprisonment. Hernandez–Borjas now appeals, challenging the 16-level enhancement.

**II.**

Because the issue was preserved, we review *de novo* the district court's characterization of the prior offense as a crime of violence. *See United States v. Bonilla,* 524 F.3d 647, 651–52 (5th Cir. 2008).

No. 15-40190

## III.

The central issue on appeal is whether Hernandez–Borjas was convicted of burglary of a habitation under § 30.02(a)(1). In relevant part, a defendant violates § 30.02(a) if "the person: (1) enters a habitation . . . with intent to commit a felony, theft, or an assault; or . . . (3) enters a . . . habitation and commits or attempts to commit a felony, theft, or an assault." Tex. Penal Code § 30.02(a). Although a conviction under § 30.02(a)(1) constitutes a generic burglary and qualifies for a 16-level crime of violence enhancement, a conviction under § 30.02(a)(3) does not. *United States v. Conde–Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014).

Texas Penal Code § 30.02(a) is a divisible statute, so to determine which subsection of § 30.02(a) constituted Hernandez–Borjas's conviction, we apply the modified categorical approach. *Conde–Castaneda*, 753 F.3d at 176. Under this approach, courts "look at so-called *Shepard* documents, which include the charging document, written judicial confession, and judgment." *Id.* (citing *United States v. Garcia–Arellano*, 522 F.3d 477, 480–81 (5th Cir. 2008). While the district court only had access to the judgment and indictment, the supplemented record includes a document titled "WAIVER OF RIGHTS & CONSENT TO STIPULATION OF EVIDENCE AND/OR TESTIMONY & PLEA OF GUILTY OR NO CONTEST" (Guilty Plea) and Hernandez–Borjas's plea admonishments. *See id.* at 177 ("In reviewing an enhancement, this court examines the record as supplemented on appeal.").

The judgment states that Hernandez–Borjas pleaded guilty to "BURGLARY OF HABITATION, A LESSER INCLUDED OFFENSE," and indicates that he was convicted of a second-degree felony under § 30.02(c)(2). Subsection (c)(2) is a penalty provision that merely establishes Hernandez–Borjas violated § 30.02(a) by entering a habitation. Tex. Penal Code § 30.02(c)(2) ("[A]n offense under this section is a . . . felony of the second degree

3

if committed in a habitation."). Turning to the indictment, it alleges that Hernandez–Borjas "did then and there, with intent to commit the felony offense of Aggravated Assault, enter a habitation, without the effective consent of [the owner]." Unlike the judgment, the indictment does not cite to any particular subsection, but it does track the language and elements of § 30.02(a)(1). *See* Tex. Penal Code § 30.02(a)(1). Since Hernandez–Borjas's indictment matches § 30.02(a)(1), it is clear that Hernandez–Borjas was charged under § 30.02(a)(1).[1] Thus, we must consider to what extent the indictment may be used in this case to determine the offense of conviction.

## IV.

Hernandez–Borjas argues that because he did not plead guilty to the crime charged in the indictment, it cannot be used to determine if his burglary conviction was a crime of violence. That is, Hernandez–Borjas was indicted for a first-degree felony—burglary of a habitation with intent to commit aggravated assault—but the judgment reflects he instead pleaded guilty to a second-degree felony—"BURGLARY OF HABITATION, A LESSER INCLUDED OFFENSE." Accordingly, Hernandez–Borjas contends that his conviction does not qualify as a crime of violence because he could have been convicted under § 30.02(a)(3).

In response, the Government argues that the indictment is relevant to determine the manner of Hernandez–Borjas's conviction in light of Texas law.

---

[1] When an indictment does not explicitly state a subsection, courts can rely on the language used to ascertain the subsection charged. For example, in *United States v. Wallace*, the court reviewed two burglary indictments with nearly identical language as Hernandez–Borjas's. 584 F. App'x 263, 265 (5th Cir. 2014) (per curiam). The first alleged that Wallace "'then and there, with intent to commit theft, intentionally and knowingly enter[ed] a habitation, without the effective consent of [the owner] thereof[.]" *Id.* (emphasis removed) (alteration in original). The second charged that Wallace "did then and there, with the intent to commit theft, intentionally and knowingly enter a habitation, without the effective consent of [the owner]." *Id.* (alteration in original). Both were deemed to be under § 30.02(a)(1). *Id.*

No. 15-40190

*See United States v. Martinez–Vega,* 471 F.3d 559, 562–63 (5th Cir. 2006) (affirming the district court's use of the indictment to narrow the subsection under which defendant pleaded guilty, where the defendant pleaded guilty to "*the* lesser charge contained in the Indictment"). The Government asserts that, because § 30.02(a)(1) and § 30.02(a)(3) require proof of different facts and elements, according to Texas's cognate-pleadings approach, burglary of a habitation under § 30.02(a)(3) cannot be a lesser-included offense of § 30.02(a)(1). The Government explains that Hernandez–Borjas was charged with and pleaded guilty to burglary of habitation under § 30.02(a)(1), and that the difference between the judgment and the indictment relates to the penalty provision only. In other words, Texas law illustrates Hernandez–Borjas necessarily pleaded guilty to the same § 30.02(a)(1) charge but with a lesser-included punishment, which changed the degree of the offense from a first-degree to a second-degree felony. We agree with the Government for the following reasons.

To start, the cases that Hernandez–Borjas primarily relies on to support the contention that the indictment cannot be used to narrow his conviction are distinguishable. In *United States v. Turner*, the court concluded that the district court erred when the defendant pleaded guilty to a lesser-included offense but applied a crime of violence enhancement based on the indictment, emphasizing that the indictment was not relevant because the basis of the enhancement must be "'the conduct of which the defendant was convicted.'" 349 F.3d 833, 836 (5th Cir. 2003) (citing U.S.S.G. § 4B1.2). Unlike *Turner*, here the indictment is relevant to determining what offense Hernandez–Borjas was convicted under and is not being used to show the circumstances of the conviction.

In *United States v. Gonzalez–Ramirez,* the defendant was indicted for aggravated kidnapping under two subsections of Tennessee's kidnapping

5

statute but was ultimately convicted of only attempted kidnapping. 477 F.3d 310, 315 (5th Cir. 2007). This court stated the indictment could not be used to determine whether the defendant committed a crime of violence because he had never pleaded guilty to the indictment. *Id.* at 314. The court, however, was not confronted with the situation where the indictment could be used to show what subsection the defendant was actually convicted under.

Likewise, in *United States v. Neri–Hernandes,* although the court agreed with a general rule against using the indictment to determine which subsection a defendant pleaded guilty to, the court recognized that *Turner* was based on the reasoning that a district court should not "rely on the *conduct* set forth in the indictment" when determining what statute an individual was convicted under. 504 F.3d 587, 590 (5th Cir. 2007) (emphasis added). Notably, *Neri–Hernandes* also recognizes that the implications of criminal documents are viewed in light of their legal significance in the originating jurisdiction. *See id.* at 591–93 (discussing the differences between an abstract of judgment under California law and a certificate of disposition under New York law).

Lastly, in *United States v. Bonilla*, the court held that the defendant's criminal information was unreliable to establish a crime of violence enhancement when the certificate of disposition: (1) did not refer back to a lesser offense in the information, and (2) did not provide the specific subsection under which the defendant was convicted. 524 F.3d 647, 652–53 (5th Cir. 2008). *Bonilla*, however, must be understood in light of the statute and charge it examined, which are significantly different from the one at issue in this case. There the defendant had been charged with manslaughter, but the certificate of disposition noted he pleaded guilty to attempted manslaughter. *Id.* at 651. In contrast, Hernandez–Borjas's judgment and Guilty Plea both explicitly reference a lesser offense.

6

No. 15-40190

The record in this case, viewed in light of the statute and Texas law, does not raise the same issues as the cases above. Hernandez–Borjas's record shows he pleaded guilty to the lesser-included offense of the crime that he was charged for, and our analysis reveals this could only refer to the penalty degree, not the charge itself.

This case is more analogous to *United States v. Martinez–Vega* because the judgment, indictment, and Texas law definitively demonstrate that there is only one lesser charge that Hernandez–Borjas could have pleaded guilty to. 471 F.3d. 559 (5th Cir. 2006). The indictment in *Martinez–Vega* charged defendant with first-degree sexual assault, but the judgment reflected a conviction for second-degree sexual assault pursuant to a guilty plea to "*the* lesser charge contained in the Indictment." *Id.* at 562. In justifying its use of the indictment to narrow the conviction, the court distinguished *Turner* by emphasizing "*the* lesser charge" could only have one meaning. *Id.* at 563.

Here, Hernandez–Borjas was indicted only under § 30.02(a)(1), which could be subject to two different *penalty* provisions—§ 30.02(c)(2) (second-degree felony), or § 30.02(d) (first-degree felony). The judgment states that he pleaded guilty to "BURGLARY OF HABITATION, A LESSER INCLUDED OFFENSE," and indicates he was convicted of a § 30.02(c)(2) second-degree felony. Just as in *Martinez–Vega*, the indictment is relevant to ascertain the meaning of "*the* lesser included offense." The judgment provides that Hernandez–Borjas pleaded guilty to a lesser-included offense. And under Texas law, there is only one possible lesser-included offense of a first-degree burglary of a habitation under § 30.02(a)(1)—second-degree burglary of a habitation. *See, e.g., United States v. Herrera*, 647 F.3d 172, 177 (5th Cir. 2011) (considering Arkansas law to determine whether violations of certain subsections were considered lesser-included offenses of rape).

7

No. 15-40190

Specifically, in Texas, lesser-included offenses are defined by statute. *See* Tex. Code Crim. Proc. art. 37.09. Texas law provides an offense "will be a lesser-included offense where it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." *State v. Meru,* 414 S.W.3d 159, 162 (Tex. Crim. App. 2013) (internal quotations omitted). Thus, if a greater offense can be committed in more than one manner, "the manner alleged will determine the availability of lesser-included offenses." *Hall v. State*, 225 S.W.3d 524, 531, 535 (Tex. Crim. App. 2007). The legal elements set forth in Hernandez–Borjas's indictment alleged that he committed burglary of a habitation by entering a habitation, without consent, with the intent to commit the felony offense of aggravated assault. Subsection (a)(1) requires the element of intent, an element not required by subsection (a)(3). Likewise, subsection (a)(3) requires the element of an attempted or actual commission of an offense, an element not required by subsection (a)(1). Therefore, neither can be a lesser-included offense of the other. *See, e.g.*, *Guzman v. State*, No. 2–05–096–CR, 2006 WL 743431, at *5 (Tex. App.—Fort Worth Mar. 23, 2006, no pet.) (mem. op., not designated for publication) (holding that "the offense of burglary as described in section 30.02(a)(1) is not a lesser included offense of the offense of burglary as described in section 30.02(a)(3) . . . ."); *see also Warren v. State*, No. 05–12–00916–CR, 2013 WL 3717802, at *3–4 (Tex. App.—Dallas July 12, 2013, no pet.) (mem. op., not designated for publication) (finding error where a defendant charged under § 30.02(a)(3) received a lesser-included offense jury instruction for burglary under § 30.02(a)(1)); *Bui v. State*, 964 S.W.2d 335, 346 (Tex. App.—Texarkana 1998, pet. ref'd) (same).

Accordingly, the state law controlling Hernandez–Borjas's conviction convincingly clarifies that the characterization in the judgment as "lesser included" could refer only to the degree of the penalty and not the charge itself.

No. 15-40190

In light of this context, which we recognize may apply only in narrow circumstances, we find Hernandez–Borjas was charged and pleaded guilty under § 30.02(a)(1), and therefore, the crime of violence enhancement applies. *See United States v. Conde–Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014).

## V.

In conclusion, our review of the charge in the indictment, the two relevant statutory provisions, the record, and the law governing the jurisdiction where the judgment issued shows that Hernandez–Borjas pleaded guilty to burglary of a habitation under § 30.02(a)(1), a crime of violence. Accordingly, we AFFIRM Hernandez–Borjas's sentence.