# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10891
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TONYA EVANS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-519-14

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Tonya Evans appeals her conviction and sentence for conspiracy to defraud the United States with respect to compensation claims and making false statements or fraud to obtain federal employees' compensation. She argues that the indictment improperly joined her and her codefendant; the district court abused its discretion by denying her motion to sever; there was a material variance between the indictment and the proof at trial relative to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

number of conspiracies; her coconspirators provided impermissible opinion testimony; evidence of her withdrawn plea agreement was improperly admitted into evidence; and the district court improperly determined the loss amount attributable to her. We affirm.

Larry Washington was a licensed professional counselor who provided counseling and therapeutic services to approximately 140 patients, all of whom were injured on the job and were receiving federal worker's compensation benefits from the Department of Labor (DOL). Evans was one of Washington's patients. Washington asked Evans and approximately 30 other patients to fill out forms falsely claiming that they received counseling and therapeutic services; these forms were submitted to the DOL for reimbursement. Evans was paid $6,000 for her participation.

Evans complains that she was indicted with another patient of Washington's who also participated in the conspiracy, McArthur Baker. Whether the initial joinder of charges is proper under Rule 8 of the Federal Rules of Criminal Procedure is judged based on the allegations in the indictment, which are presumed to be true for these purposes barring allegations of prosecutorial misconduct. FED. R. CRIM. P. 8(a).

Here, the indictment alleged that Evans and Baker engaged in a scheme to receive kickbacks in exchange for filling out falsified medical documents that were used by coconspirators to defraud the DOL. Although Baker and Evans acted independently of each other and at different times, they were part of a common conspiracy to profit from defrauding the DOL by providing Washington with false medical documentation for billing purposes. *See United States v. Butler*, 429 F.3d 140, 146-47 (5th Cir. 2005). *See id.*

Evans also argues that the district court erred by denying her motion to sever the cases after Baker elected to proceed pro se at trial. We review the

denial of a motion to sever for an abuse of discretion. *United States v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004).

There is a strong presumption "that [d]efendants who are indicted together should generally be tried together, particularly in conspiracy cases." *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018) (internal quotation marks omitted). Evans's generalized allegation of prejudice is insufficient to overcome that presumption. *See id.*; *United States v. Mikolajczyk*, 137 F.3d 237, 242 (5th Cir. 1998).

We review Evans's claim that there was a material variance between the indictment and the evidence introduced at trial for plain error. *See United States v. Rodriguez*, 831 F.3d 663, 668 n.9 (5th Cir. 2016). We need not determine whether a material variance existed in this case because, even if it did, vacatur is required only if the variance prejudiced Evans's substantial rights. *See United States v. Delgado*, 401 F.3d 290, 295 (5th Cir. 2005). The record amply establishes Evans's participation in a conspiracy to defraud the DOL. Accordingly, Evans's substantial rights were not prejudiced, and she fails to show plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Rodriguez*, 831 F.3d at 668 n.9.

Review of whether the district court improperly admitted opinion testimony from two of Evans's coconspirators is also for plain error, as Evans concedes. *See Puckett*, 556 U.S. at 135. The Federal Rules of Evidence prohibit opinion testimony by lay witnesses with some exceptions. FED. R. EVID. 701. The record evidence offers no support for the notion that the witnesses offered prohibited opinion testimony. To the extent that the witnesses acknowledged that they participated in activities that were fraudulent or improper, their opinions fell within the scope of permissible testimony set forth in Rule 701. Moreover, Evans has not made any meaningful attempt to show that her

substantial rights were affected by the admission of the testimony, in light of the other evidence against her.

The Government argues that Evans waived any argument that her withdrawn plea documents were improperly admitted because she waived the protections of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) and because Evans waived the error under the invited-error doctrine. Alternatively, the Government argues that review should be for plain error.

We need not reach the questions of invited error or waiver because Evans's claim fails under the less stringent plain error standard. *See United States v. Martinez-Vega*, 471 F.3d 559, 563 n.4 (5th Cir. 2006); *United States v. Fernando-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006). The evidence of Evans's guilt was overwhelming. Moreover, the jury had already heard that Evans knew that her conduct was fraudulent and that she admitted as much to investigators. She therefore cannot demonstrate that her substantial rights were prejudiced by the introduction of the withdrawn plea agreement. *See Puckett*, 556 U.S. at 135.

Evans argues that the district court erred by finding that the amount of loss involved in the offense was more than the $6,000 she received for completing the forms. The district court need only make "a reasonable estimate of the loss," based on its assessment of the evidence in the case, and its loss calculation is entitled to appropriate deference. *United States v. Hebron*, 684 F.3d 554, 560 (5th Cir. 2012) (citing U.S.S.G. § 2B1.1, comment. (n.3(C))). This court "will not upset these findings unless they are implausible in light of the record as a whole." *United States v. Hearns*, 845 F.3d 641, 649 (5th Cir. 2017) (internal quotation marks and citation omitted).

No. 17-10891

The district court found that Evans was responsible for the entire amount that Washington billed to the DOL based on the forms she filled out. The district court's foreseeability findings were plausible in light of the record. *Hearns*, 845 F.3d at 649.

AFFIRMED.