# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41437
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

January 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELDER ROCAEL TZACIR-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-568-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Elder Rocael Tzacir-Garcia pleaded guilty to illegal reentry and was sentenced to 41 months of imprisonment. On appeal, he argues for the first time that it was reversible plain error to conclude that he previously was convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43) that qualifies for sentence enhancement under 8 U.S.C. § 1326(b)(2). Tzacir-Garcia asserts that his Texas robbery conviction is not an aggravated felony for purposes of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41437

§ 1101(a)(43)(F) because 18 U.S.C. § 16(b), which § 1101(a)(43)(F) incorporates by reference, is unconstitutionally vague on its face in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Further, he asserts that § 16(b) cannot be applied in this case without violating due process.

The Government has filed an unopposed motion for summary affirmance in which it argues that Tzacir-Garcia's Texas conviction is a crime of violence under § 16(b) and that a challenge to that determination is foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). The Government is correct that the en banc decision forecloses a facial vagueness challenge to §16(b), and the decision forecloses also Tzacir-Garcia's due process challenge to our application of § 16(b).[1] *See Gonzalez-Longoria*, 831 F.3d at 672-78. Also, Tzacir-Garcia has not briefed any argument challenging whether the standard provided by § 16(b) is unconstitutionally vague as applied to his Texas offense. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

Accordingly, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.

---

[1] The recent grant of certiorari to consider whether § 16(b) is unconstitutionally vague, *see Lynch v. Dimaya*, 137 S. Ct. 31 (Sept. 29, 2016) (No. 15-1498), does not change this conclusion. *Gonzalez-Longoria* is binding precedent unless overruled by this court en banc or by the Supreme Court. *See United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002); *Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986) (noting that a grant of certiorari does not in itself override this court's precedent).

2