**MODIFIED July 16, 2018**
**REVISED August 3, 2018**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10478

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee

v.

LATROY LEON BURRIS,

　　　　Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before WIENER, GRAVES, and HO, Circuit Judges.

WIENER, Circuit Judge:

Defendant-Appellant Latroy Leon Burris pleaded guilty to being a felon in possession of a firearm and was sentenced under the Armed Career Criminal Act (ACCA), which provides for an increased sentence if the defendant has been convicted of three prior violent felonies. Burris contends that he was not eligible for the increase because his prior Texas conviction for robbery was not a violent felony. We agree with Burris, and hold that the Texas robbery statute underlying one of his prior convictions does not have "use, attempted use, or

No. 17-10478

threatened use of physical force" as an element. We therefore vacate his sentence and remand for resentencing.

## I. FACTS AND PROCEEDINGS

In July 2016, Burris pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute a controlled substance, under 21 U.S.C. § 841(a)(1) & (b)(1)(C).[1] The presentence investigation report (PSR) determined that Burris was an armed career criminal under 18 U.S.C. § 924(e), *viz.*, the ACCA. A defendant is an armed career criminal if he (1) is convicted of violating § 922(g), as Burris undoubtedly was, and (2) has three prior convictions for violent felonies or serious drug offenses.[2] If a defendant meets these criteria, he is subject to a minimum sentence of fifteen years imprisonment.[3]

The PSR states that Burris had three prior convictions qualifying him for the ACCA: (1) a 1993 Texas conviction for robbery, (2) a 1993 Texas conviction for aggravated robbery, and (3) a 2012 Texas conviction for manufacturing/delivering a controlled substance. When he pleaded guilty, Burris disputed that he qualified for the enhanced penalties of the ACCA. After the probation office issued the PSR, Burris objected, insisting that his convictions for robbery and aggravated robbery do not qualify for the ACCA.[4] The district court ultimately adopted the findings of the PSR, concluding that Burris's prior convictions for robbery and aggravated robbery did qualify him for the ACCA's enhancement. The court then sentenced him to 188 months in custody, a sentence at the low end of the applicable guidelines range. Burris

---

[1] The facts of Burris's instant offenses are not relevant to the issue on appeal, which concerns only his prior Texas state court convictions.

[2] 18 U.S.C. § 924(e)(1).

[3] *Id.*

[4] Burris does not appear to dispute that the 2012 conviction for manufacturing/delivering a controlled substance is a serious drug offense under the ACCA.

## No. 17-10478

timely appealed, challenging the district court's ruling that his Texas convictions for robbery and aggravated robbery were "violent felonies." After Burris filed his opening brief, another panel of this court held that the version of aggravated robbery for which Burris was convicted is a violent felony under the ACCA.[5] Burris now concedes that his aggravated robbery conviction qualifies as a violent felony,[6] so this appeal now concerns only whether Burris's conviction for simple robbery qualifies as a violent felony.

## II. STANDARD OF REVIEW

The government acknowledges that Burris preserved his objection in the district court. We therefore review de novo the district court's conclusion that his simple robbery conviction was a violent felony under the ACCA.[7]

## III. DISCUSSION

### A. The Relevant Statutes

The ACCA defines a "violent felony," in relevant part, as:

[A]ny crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.][8]

Before the Supreme Court's decision in *Samuel Johnson v. United States*,[9] Texas robbery was considered a violent felony under the second part of

---

[5] *United States v. Lerma*, 877 F.3d 628, 631, 635 (5th Cir. 2017) (explaining that aggravated robbery is divisible and the defendant's aggravated robberies involved robbery-by-threat and using and exhibiting a deadly weapon). Burris was convicted of the same type of aggravated robbery.

[6] He does, however, preserve this argument for further review.

[7] *United States v. Constante,* 544 F.3d 584, 585 (5th Cir. 2008).

[8] 18 U.S.C. § 924(e)(2)(B).

[9] 135 S. Ct. 2551 (2015).

3

No. 17-10478

clause (ii), known as the "residual clause," because it "involve[d] conduct that presents a serious potential risk of physical injury to another."[10] In *Samuel Johnson*, however, the Court struck down the residual clause as unconstitutionally vague.[11] Consequently, robbery is a violent felony under the ACCA if it has as an element the use, attempted use, or threatened use of "physical force."

## B. The Elements of Texas Robbery

Texas robbery is defined in § 29.02(a) of the Texas Penal Code as follows:

A person commits an offense if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.[12]

For today's purpose, we refer to the alternatives delineated by subparts (1) and (2) as "robbery-by-injury" and "robbery-by-threat." This court has never addressed whether § 29.02(a) is indivisible or divisible[13]—that is, whether robbery-by-injury and robbery-by-threat are (1) different crimes or (2) a single crime that can be committed by two different means.[14] We need not decide that

---

[10] *United States v. Davis*, 487 F.3d 282, 287 (5th Cir. 2007).

[11] *Samuel Johnson*, 135 S. Ct. at 2557.

[12] TEX. PENAL CODE ANN. § 29.02(a).

[13] *Cf. United States v. Garza*, No. 2:04-CR-269, 2017 WL 318861, at *3 (S.D. Tex. Jan. 23, 2017) (implicitly characterizing robbery as a divisible statute by using the "modified categorical approach"); *United States v. Roman*, No. CR H-92-160, 2016 WL 7388388, at *3 (S.D. Tex. Dec. 20, 2016) (characterizing the robbery statute as divisible); *United States v. Fennell*, No. 3:15-CR-443-L (01), 2016 WL 4491728, at *5 (N.D. Tex. Aug. 25, 2016), *reconsideration denied*, No. 3:15-CR-443-L (01), 2016 WL 4702557 (N.D. Tex. Sept. 8, 2016), *and aff'd*, 695 F. App'x 780 (5th Cir. 2017) (appearing to avoid the issue by holding that the robbery statute was not a violent felony "even applying the categorical approach").

[14] *See Lerma*, 877 F.3d at 631.

issue here, however, because our analysis under either outcome would be the same.

If § 29.02(a) is indivisible, the court "focus[es] solely on whether the elements of the crime of conviction" include the use of force.[15] Therefore, if either robbery-by-injury or robbery-by-threat does not require the use of force, robbery is not a violent felony.

On the other hand, if § 29.02(a) is divisible, "we isolate the alternative under which the defendant was convicted," then determine whether force is an element of that particular offense.[16] To do so, courts may "look 'to a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of.'"[17]

Burris's conviction documents do not specify whether he was convicted of robbery-by-injury or robbery-by-threat. His indictment states that he caused injury, but it charges him with *aggravated* robbery. We cannot look to the indictment to narrow the subsection of conviction if it indicts Burris for a crime other than the one to which he pleaded guilty.[18] The only exception to this rule does not apply here because the conviction documents do not reference the lesser-included offense to that of the indictment.[19] Because we cannot ascertain

---

[15] *Id.* (citing *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016)). This focus on the elements of the offense of conviction is known as the "categorical approach." *Id.*

[16] *See United States v. Herrold*, 883 F.3d 517, 522 (5th Cir. 2018) (en banc); *Lerma*, 877 F.3d at 631.

[17] *Lerma,* 877 F.3d 631 (quoting *Mathis*, 136 S. Ct. at 2249). This is known as the "modified categorical approach." *Id.*

[18] *United States v. Turner*, 349 F.3d 833, 836 (5th Cir. 2003) ("Because Turner pleaded guilty to a lesser included offense, and was not reindicted on that lesser count, there is no document actually charging him with the offense for which he was ultimately convicted. In this case, therefore, the indictment is not applicable to the analysis of whether the conviction was a conviction of a crime of violence." (citation omitted)).

[19] Although the conviction documents refer to "the charging instrument," we have invoked this exception only when conviction documents *explicitly* reference the lesser-included offense to that in the indictment. *Compare United States v. Hernandez-Borjas*, 641 F. App'x 367, 372 (5th Cir. 2016) ("The judgment provides that Hernandez–Borjas pleaded

the variant of robbery for which Burris was convicted, we must analyze both robbery-by-injury and robbery-by-threat, even if § 29.02(a) is divisible. This is why we need not decide here whether robbery is divisible or indivisible.[20]

We first address robbery-by-injury. If a defendant can "cause bodily injury" without "using force," then the Texas robbery statute—or at least its robbery-by-injury prong—does not have use of force as an element.[21] As explained below, we conclude that a person can "cause bodily injury" without using force, so Burris's conviction under § 29.02(a) is not a violent felony.

## C. A Plethora of Precedent

As an initial matter, we note that another panel of this court, in an unpublished, one-sentence opinion, recently affirmed a district court's ruling that Texas robbery is *not* a violent felony under the ACCA.[22] Even though that holding does not bind us, relevant authority has evolved in recent years. We find it helpful to recount that evolution here.

### 1. *The En Banc Court Answers Our Question*

Texas defines "bodily injury" as "physical pain, illness, or any impairment of physical condition."[23] Our court has previously considered

---

guilty to a lesser-included offense. And under Texas law, there is only one possible lesser-included offense[.]"), *and United States v. Martinez-Vega*, 471 F.3d 559, 563 (5th Cir. 2006) ("Here, the judgment provides that Appellant pleaded guilty to '*the* lesser charge contained in the Indictment.'"), *with United States v. Bonilla*, 524 F.3d 647, 652–53 & n.4 (5th Cir. 2008) ("[T]he district court could not consider the criminal information" when "[the court had] a certificate of disposition that does not refer back to a lesser offense in the original indictment.").

[20] Moreover, as explained below, we conclude that robbery-by-injury does not have use of force as an element. Thus, even if we *did* look to the indictment to determine that Burris was convicted of robbery by injury, the outcome of this case would not change.

[21] If a defendant could cause injury without using force, then using force is not a constituent part of a crime that requires causing injury. *See Mathis*, 136 S. Ct. at 2248–52; *United States v. Garcia-Figueroa*, 753 F.3d 179, 184 (5th Cir. 2014).

[22] *United States v. Fennell*, 695 F. App'x 780, 781 (5th Cir. 2017) (affirming *United States v. Fennell*, No. 3:15-CR-443-L (01), 2016 WL 4702557 (N.D. Tex. Sept. 8, 2016) and *Fennell*, 2016 WL 4491728).

[23] TEX. PENAL CODE ANN. § 1.07(a)(8).

whether this broad definition of bodily injury requires physical force. In *United States v. Vargas-Duran*, the en banc court considered whether the Texas crime of "intoxication assault," which requires the defendant to have "cause[d] serious bodily injury to another" was a "crime of violence" under United States Sentencing Guideline ("U.S.S.G.") § 2L1.2, which "has as an element the use, attempted use, or threatened use of physical force against the person of another."[24] The en banc court held that it did not, for two reasons. First, the court explained, the Texas statute does not require that the defendant have the state of mind needed to "use" force: "the fact that the statute requires that serious bodily injury result . . . does not mean that the statute requires that the defendant have used the force that caused the injury."[25] Second, the court added that "[t]here is also a difference between a defendant's causation of an injury and the defendant's use of force."[26]

We reiterated this difference in *United States v. Villegas-Hernandez*, when we considered whether the Texas crime of assault—requiring that one "intentionally, knowingly, or recklessly cause[] bodily injury" or threaten to do so—was an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C).[27] Aggravated felonies also must have an element of "use, attempted use, or threatened use of physical force."[28] We held that Texas's assault offense did not have use or threatened use of physical force as an element.[29] The panel approvingly cited

---

[24] 356 F.3d 598, 600 (5th Cir. 2004) (en banc) (citation omitted). Although this Guideline is not part of the ACCA, we have explained that "[b]ecause of the similarities between U.S.S.G. §§ 2L1.2(b)(1)(A), 4B1.2(a), 4B1.4(a), and 18 U.S.C. § 924(e), we treat cases dealing with [the elements clause of] these provisions interchangeably." *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) (citation omitted).

[25] *Vargas-Duran*, 356 F.3d at 606.

[26] *Id.*

[27] 468 F.3d 874, 877–78 (5th Cir. 2006).

[28] *Id.* at 878. This "aggravated felony" definition incorporates a statutory provision using the term "crime of violence," which is different from the "crime of violence" provision in *Vargas-Duran. See id.*; *Vargas-Duran*, 356 F.3d at 605.

[29] *Villegas-Hernandez*, 468 F.3d at 882.

*Vargas-Duran*'s explanation that "[t]here is . . . a difference between a defendant's causation of an injury and the defendant's use of force."[30] The panel listed examples of acts that could cause bodily injury without physical force: "making available to the victim a poisoned drink while reassuring him the drink is safe, or telling the victim he can safely back his car out while knowing an approaching car driven by an independently acting third party will hit the victim."[31]

### 2. *The Supreme Court Weighs In*

Looking solely at this precedent, *Vargas-Duran* would compel the holding that a person may "cause bodily injury" per Texas law without using "physical force" per federal law. But the Supreme Court has recently decided three cases that are related to the issue before us. First, in *Curtis Johnson v. United States*, the Court interpreted the phrase "physical force" within the ACCA. The Court noted that the common law definition of "force" can be "satisfied by even the slightest offensive touching."[32] But the Court held that the common law definition of force did *not* apply to the ACCA; in the ACCA context, "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person."[33] The Court relied heavily on the use of "physical force" in the context of a "violent felony": "When the adjective 'violent' is attached to the noun 'felony,' its connotation of strong physical force is even clearer."[34]

---

[30] *Id.* at 880 (quoting *Vargas-Duran*, 356 F.3d at 606) (omission in original).

[31] *Id.* at 879.

[32] *Curtis Johnson v. United States*, 559 U.S. 133, 139 (2010).

[33] *Id.* at 140.

[34] *Id.*; *see also id.* at 140 ("[T]he word 'violent' in § 924(e)(2)(B) connotes a substantial degree of force."), 142 ("[T]he term 'physical force' itself normally connotes force strong enough to constitute 'power'—and all the more so when it is contained in a definition of 'violent felony.'").

8

Second, and more recently, the Court decided *United States v. Castleman*, in which it considered the term "physical force" in the context of a "misdemeanor crime of domestic violence" (MCDV). A MCDV is defined using identical language to the ACCA: it "has, as an element, the use or attempted use of physical force."[35] But the Court distinguished "physical force" in the MCDV context from "physical force" in the ACCA, as defined in *Curtis Johnson*. The Court held that in the context of a MCDV, "physical force" is defined as "the common-law meaning of 'force,'" which can be satisfied by mere offensive touching.[36] In making this distinction, the Court relied on the differences between the two contexts in which the term "physical force" arises: "[W]hereas the word 'violent' or 'violence' standing alone 'connotes a substantial degree of force,' that is not true of 'domestic violence.' 'Domestic violence' is not merely a type of 'violence'; it is a term of art encompassing acts that one might not characterize as 'violent' in a nondomestic context."[37]

Applying this common-law definition of "physical force," the Court held that the defendant's conviction for "caus[ing] bodily injury" to the mother of his child categorically qualified as a MCDV.[38] In doing so, the Court explained that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force" in the MCDV context.[39] The Court added that "the common-law concept of 'force' encompasses even its indirect application," such as poisoning a victim.[40] Importantly, though, the Court expressly declined to reach the question "[w]hether or not the causation of bodily injury necessarily

---

[35] *United States v. Castleman*, 134 S. Ct. 1405, 1409 (2014) (quoting 18 U.S.C. § 921(a)(33)(A)).

[36] *Id.* at 1410.

[37] *Id.* at 1411 (quoting *Curtis Johnson*, 559 U.S. at 140).

[38] *Id.* at 1409, 1413–15.

[39] *Id.* at 1414.

[40] *Id.* at 1414–15.

entails *violent* force."[41] Neither did the Court decide the question whether minor injuries, such as a "cut, abrasion, [or] bruise . . . . necessitate violent force, under [*Curtis*] *Johnson*'s definition of that phrase."[42]

Even more recently, the Court decided *Voisine v. United States*, which concerned the meaning of "use" rather than "physical force." Like *Castleman*, *Voisine* arose in the context of an MCDV.[43] Specifically, the Court considered whether a person could recklessly "use" physical force—in the context of an MCDV—or if such "use" required knowledge or intent.[44] The Court held that there was no requirement of intent or knowledge: A person can "use" force while acting recklessly.[45] The Court added that use of force does require a "volitional" action; by contrast, involuntary or accidental movements are not uses of force in the context of a MCDV.[46]

### 3. *The Impact Of* Castleman *and* Voisine

The crux of the government's contention is that *Castleman*, an MCDV case, should apply to ACCA/violent felony cases. But prior panels of this court have determined that, while *Voisine*'s holding applies outside of the MCDV context, *Castleman*'s does not.

First, in *United States v. Howell* and *United States v. Mendez-Henriquez*, this court adopted *Voisine*'s holding in the context of a "crime of violence" under

---

[41] *Id.* at 1413 (emphasis added). The Court added:

The Courts of Appeals have generally held that mere offensive touching cannot constitute the 'physical force' necessary to a 'crime of violence,' just as we held in [*Curtis*] *Johnson* that it could not constitute the 'physical force' necessary to a 'violent felony.' . . . Nothing in today's opinion casts doubt on these holdings, because—as we explain—'domestic violence' encompasses a range of force broader than that which constitutes 'violence' *simpliciter*.

*Id.* at 1411 n.4.

[42] *Id.* at 1414.

[43] *Voisine v. United States*, 136 S. Ct. 2272, 2276–77 (2016).

[44] *Id.*

[45] *Id.* at 2278–80.

[46] *Id.* at 2278–79.

two sentencing guidelines.[47] Those cases effectively abrogated the first part of *Vargas-Duran*, which had held that "using" force requires a mental state of intent.[48] We have treated the definition of crime of violence in those guidelines "interchangeably" with the definition of violent felony in the ACCA.[49] Thus, to "use" force under the ACCA, a person must only act volitionally; a statute need not have an intent requirement for that offense to "use" force and qualify as a violent felony under the ACCA.

This court has also held, in two published decisions, that—unlike *Voisine*—*Castleman*'s holding does *not* apply outside of the MCDV context. In *United States v. Rico-Mejia*, this court acknowledged the rule from *Villegas-Hernandez*, and other cases stemming from *Vargas-Duran*, that "a person could cause physical injury without using physical force."[50] The *Rico-Mejia* panel acknowledged *Castleman*, but held that "[b]y its express terms, *Castleman*'s analysis is not applicable to the physical force requirement for a crime of violence[.] . . . Accordingly, *Castleman* does not disturb this court's precedent regarding the characterization of crimes of violence[.]"[51]

**D. Causing Injury Without Using Force**

The government maintains that *Vargas-Duran* does not control. It first argues that because *Voisine* applies outside the MCDV context, *Castleman* must as well; as a result, the government contends, *Rico-Mejia* was wrongly

---

[47] *United States v. Mendez-Henriquez*, 847 F.3d 214, 220–22 (5th Cir.), *cert. denied*, 137 S. Ct. 2177 (2017); *United States v. Howell*, 838 F.3d 489, 499–501 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1108 (2017).

[48] Both cases stopped short of expressly saying that *Voisine* abrogated this part of *Vargas-Duran*. *See Mendez-Henriquez*, 847 F.3d at 221 (acknowledging that part of *Vargas-Duran* remains good law); *cf. Howell*, 838 F.3d at 501.

[49] *Moore*, 635 F.3d at 776 (citation omitted).

[50] *United States v. Rico-Mejia*, 859 F.3d 318, 321 (5th Cir. 2017).

[51] *Id.* at 322–23. More recently, a panel of this court reached the same conclusion in *United States v. Reyes-Contreras*. 882 F.3d 113, 123, *vacated*, 2018 WL 3014176. But on June 15, 2018, this court voted to rehear *Reyes-Contreras* en banc. Accordingly, that panel opinion has been vacated.

No. 17-10478

decided because it conflicts with the earlier decisions in *Howell* and *Mendez-Henriquez*. Second, the government insists that *Castleman* overruled our precedent that causing injury captures more conduct than using force.

But we need not rely on the line of cases constituted by, e.g., *Vargas-Duran*, *Villegas-Hernandez*, and *Rico-Mejia*. Even if the government is correct that *Vargas-Duran* and its line of cases no longer control, we nevertheless reverse because there are other examples of how a person may cause injury without using physical force. Specifically, Burris contends that causing a minor injury, such as a bruise, meets the Texas definition of causing "bodily injury,"[52] but does not require physical force under *Curtis Johnson*.

The Texas Court of Criminal Appeals has interpreted the definition of "bodily injury" quite expansively, noting that "[t]his definition appears to be purposefully broad and seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching."[53] In *Lane v. State*, the court found bodily injury when the victim's "wrist was twisted" and she sustained a "bruise on her right wrist."[54] The court also approvingly cited an earlier decision holding that "a small bruise" constituted bodily injury.[55] In both cases, the victims suffered some "physical pain."[56] It appears that pain is not a requirement, however. Any "impairment of physical condition" is bodily injury.[57]

---

[52] Which, again, is defined as "physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE ANN. § 1.07 (a)(8).

[53] *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989) (en banc).

[54] *Id.* at 787.

[55] *Id.* at 786–87 (citing *Lewis v. State*, 530 S.W.2d 117–18 (Tex. Crim. App. 1975)); *see Gay v. State*, 235 S.W.3d 829, 833 (Tex. App.—Fort Worth 2007) (indicating that "pinch[ing]" or "rubb[ing]" a child's face amounted to bodily injury).

[56] *Lane*, 763 S.W.2d at 787; *Lewis*, 530 S.W.2d at 118.

[57] *See* TEX. PENAL CODE ANN. § 1.07 (a)(8) ("'Bodily injury' means physical pain, illness, *or* any impairment of physical condition." (emphasis added)); *Gay*, 235 S.W.3d at 834 (Dauphinot, J., dissenting) ("[I]f the actor causes physical pain, it is not necessary that he also cause impairment of the [victim's] physical condition [to cause bodily injury]. Similarly,

No. 17-10478

The question, then, is whether causing such a minor injury that impairs a physical condition, but with no or minimal pain, necessarily requires the "violent force" described in *Curtis Johnson*.[58] As explained above, the Court, in *Curtis Johnson*, defined "physical force" as "*violent force*—that is, force capable of causing physical pain or injury to another person."[59] In doing so, the Court explained that "the word 'violent' . . . connotes a substantial degree of force" and "strong physical force."[60] It approvingly cited several sources that defined "violent" as "extreme and sudden," "furious[,] severe[,] [and] vehement," and "great physical force."[61] This language suggests that causing "relatively minor physical contacts"[62] (which are still more than "mere offensive touching"[63]) does not entail the "violent force" described in *Curtis Johnson*.

*Castleman* itself also suggests that a minor injury does not require *Curtis Johnson*'s violent force. First, the Court noted that the Tennessee statute at issue, like § 29.02, broadly defined "bodily injury," even though that statute specifically included a mere abrasion or bruise.[64] The Court expressly declined to decide whether "these forms of injury necessitate violent force, under [*Curtis*] *Johnson*'s definition of that phrase."[65] Second, in discussing the difference between violence in the ACCA/violent felony context and in the domestic violence context, the *Castleman* Court explained that "[m]inor uses

---

if the actor causes impairment of the [victim's] physical condition, he is not required to cause physical pain as well.").

[58] *Curtis Johnson* remains the defining case for "physical force" in the ACCA. *See Castleman*, 134 S. Ct. at 1410. As we understand it, the government does not contend that *Castleman*'s broad definition of "physical force" in the domestic violence context overrules the ACCA definition of "physical force" in *Curtis Johnson*.

[59] *Curtis Johnson*, 559 U.S. at 140.

[60] *Id.*

[61] *Id.*

[62] *Lane*, 763 S.W.2d at 786.

[63] *Id.*

[64] *Castleman*, 134 S. Ct. at 1414.

[65] *Id.*

13

of force may not constitute 'violence' in the generic sense."[66] The Court then added:

> For example, in an opinion that we cited with approval in [*Curtis*] *Johnson*, the Seventh Circuit noted that it was "hard to describe . . . as 'violence'" "a squeeze of the arm [that] causes a bruise." But an act of this nature is easy to describe as "domestic violence," when the accumulation of such acts over time can subject one intimate partner to the other's control.[67]

Although the Court did not say so explicitly, this suggests that a bruise illustrates the difference between "violent force" in the ACCA context on the one hand and domestic violence on the other. By setting up this contrast, the Court indicated that causing a bruise is not "substantial" enough to be "violent force."[68]

The government's remaining arguments are unavailing. It first cites several cases in which Texas courts defined robbery in terms of force or violence. But "[t]he meaning of 'physical force' in § 924(e)(2)(B)(i) is a question

---

[66] *Id.* at 1412.

[67] *Id.* (quoting *Flores v. Ashcroft*, 350 F.3d 666, 670 (7th Cir. 2003)) (alterations in original).

[68] The government contends that there is no material difference between a bruise (and similar minor injuries) and a "slap in the face," which it contends satisfies *Curtis Johnson*'s "violent force" definition. *See Curtis Johnson*, 559 U.S. at 143. It is not clear, however, that a slap in the face would be "violent force." In making this reference, the Court was refuting the government's argument that because "bodily injury" was not present in § 924(e)(2)(B), but was in other statutes, the Court should interpret "physical force" broadly and not require bodily injury. The Court explained:

> Specifying that "physical force" must rise to the level of bodily injury does not suggest that without the qualification "physical force" would consist of the merest touch. It *might* consist, for example, of only that degree of force necessary to inflict pain—a slap in the face, for example.

*Id.* (emphasis added). It is unclear whether the Court was positing "that degree of force necessary to inflict pain" as a potential alternate definition, or as synonymous with "violent force." Moreover, it declined to expressly put a slap in the face on one side of the "physical force" line.

of federal law, not state law."[69] This is particularly salient given that the Court has defined "physical force" differently for different federal statutes.[70]

Second, the government cites *United States v. Santiesteban-Hernandez*, in which this court held that Texas robbery was a crime of violence per U.S.S.G. § 2L1.2.[71] There, however, we analyzed § 29.02 as a "predicate offense" of § 2L1.2,[72] not under the "elements" clause. We acknowledged that Texas defines robbery in terms of its result—bodily injury—rather than in terms of "force," as do a majority of states.[73] But we stated that Texas's result-oriented approach and other states' force approach were "two sides of the same coin[.]"[74] We therefore held that the Texas statute "substantially" corresponds to other robbery statutes that require force, and that "the difference is not enough to remove [§ 29.02] from the family of offenses commonly known as 'robbery.'"[75] *Santiesteban-Hernandez* does not support the government's argument. These statements acknowledge that there is some overlap between "causing injury" and "using force," but "substantial" similarity is not enough when we ask whether "using force" is an *element* of an offense. The *Santiesteban-Hernandez*

---

[69] *Curtis Johnson*, 559 U.S. at 138.

[70] The government also points to the fact that robbery was initially included in the enumerated offenses clause, but was removed before passage. *United States v. Mathis*, 963 F.2d 399, 405–07 (D.C. Cir. 1992). But that draft also explicitly required "use of force." *See id.* As explained above, Texas robbery is broader. Further, the fact that robbery was removed from the enumerated-offenses clause makes it difficult to infer that this necessarily favors the government. *Cf. United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989) ("[R]eliance on this legislative history is misplaced, however, as it relates to an earlier version of this provision which was amended to its present form during floor debates.").

[71] 469 F.3d 376, 378 (5th Cir. 2006), *abrogated by United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013).

[72] *Id.* Unlike the ACCA, U.S.S.G. § 2L1.2 counts robbery as a predicate offense. *Id.* (citing U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (2005)).

[73] *Id.* at 380. The approach taken by other states was important because a "predicate offense" analysis requires that we "determin[e] the generic, contemporary meaning of the predicate offense, [and] compare it to the statute governing the prior conviction." *Id.* at 379.

[74] *Id.* at 381. We need not consider whether this reasoning would survive *Curtis Johnson*'s clarification of the meaning of physical force.

[75] *Id.*

court even acknowledged this, adding that if we analyzed the statute under the "elements" prong instead, "th[e] omission [of the word 'force' from the statute] would be dispositive," and robbery would not be a crime of violence because it did not have force as an element.[76]

Third, the government contends that, even if there are hypothetical examples of causing bodily injury without using physical force, those examples are not feasible in the robbery context. The government cites earlier decisions of this court maintaining that examples of robbery convictions which do not involve use of force must be "realistic probabilit[ies]," and "[t]heoretical applications of a statute to conduct that would not constitute a crime of violence do not demonstrate that the statutory offense is categorically not a crime of violence."[77] But consider this hypothetical: (1) a robber picks a victim's pocket; (2) the victim gives chase; and (3) the robber or his accomplice trips the victim, causing the victim to fall and allowing the robber to get away. By tripping the victim and causing him to fall, the robber "impaired" the victim's "physical condition," satisfying the Texas definition of "bodily injury,"[78] but

---

[76] *Id.* at 378–79.

[77] *United States v. Carrasco-Tercero*, 745 F.3d 192, 197–98 (5th Cir. 2014). Supreme Court cases have required this "realistic probability" only when considering whether a given conviction is an enumerated offense, but this court appears to have expanded this requirement to the elements clause in some cases. *Compare Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013), *and Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007), *with, e.g., United States v. Ceron*, 775 F.3d 222, 227, 229 (5th Cir. 2014), *and Carrasco-Tercero*, 745 F.3d at 195. Burris disputes this line of cases requiring a "realistic probability" that particular conduct would be subject to a robbery prosecution, contending that they are inconsistent with earlier Fifth Circuit cases. Earlier cases do indeed state that a component of a crime is not an element if "*any* set of facts would support a conviction without proof of that component." *Vargas-Duran*, 356 F.3d at 605 (emphasis added). We need not consider whether Burris is correct, because, as explained below, there are realistic examples of non-violent-force robberies.

[78] A person may be convicted under § 29.02 for injuring someone during flight from the scene of a theft. *White v. State*, 671 S.W.2d 40, 42 (Tex. Crim. App. 1984) (en banc); *see Lightner v. State*, 535 S.W.2d 176, 177–78 (Tex. Crim. App. 1976); *see also* TEX. PENAL CODE ANN. § 29.01 (The injury must be "in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft.").

falling outside the boundaries of "violent force" in *Curtis Johnson*. A conviction for such an offense certainly appears to be a realistic probability. In fact, Texas appears to occasionally take novel approaches to the "causing bodily injury" element—Texas has recently charged a man with assault (that is, "caus[ing] bodily injury") by sending a Tweet with animation that caused the victim to have a seizure.[79] With this significant departure from the common understanding of assault, it is hardly more of a stretch to envision a defendant causing a seizure in this way, and then dashing into the victim's home or office to steal his property while the victim is afflicted.

Finally, the government points out that the Eighth Circuit recently held that Texas robbery is a violent felony.[80] The court in that case, however, made no effort to grapple with Texas's broad definition of bodily injury.[81] With its limited analysis, that case is unpersuasive.

In sum, Texas robbery-by-injury does not have use of physical force as an element. As a result, Burris's prior conviction under § 29.02 was not a violent felony under the ACCA.[82]

## IV. CONCLUSION

We VACATE Burris's sentence and REMAND for resentencing, consistent with this opinion.

---

[79] Indictment, *State v. Rivello*, No. F1700215 (Crim. Dist. Ct. No. 5, Dallas County, Tex, filed Mar. 20, 2017).

[80] *United States v. Hall*, 877 F.3d 800, 808 (8th Cir. 2017).

[81] *Id.* at 807.

[82] As noted above, we need not address robbery-by-threat.

No. 17-10478

JAMES C. HO, Circuit Judge, dissenting:

The majority rules that robbery-by-injury under Texas law is not a violent felony for purposes of the Armed Career Criminal Act. The ACCA defines "violent felony" to include any crime that "has as an element the use, attempted use, or threatened use of *physical force* against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). And the Supreme Court has defined "physical force" under the ACCA as "force *capable of causing physical pain or injury*." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis added). So a crime that requires proof that the defendant used force capable of causing physical pain or injury is a violent felony under the ACCA.

Texas robbery-by-injury criminalizes "intentionally, knowingly, or recklessly *caus[ing] bodily injury*" in the course of committing theft. Tex. Penal Code § 29.02(a)(1) (emphasis added). "[T]o constitute the crime of robbery[-by-injury], *there must be violence.*" *Devine v. State*, 786 S.W.2d 268, 271 (Tex. Crim. App. 1989) (emphasis added). So Texas robbery-by-injury fits squarely within the definition of a violent felony. After all, "it is impossible to cause bodily injury without using force 'capable of' producing that result." *United States v. Castleman*, 134 S. Ct. 1405, 1416–17 (2014) (Scalia, J., concurring). In other words, Texas robbery-by-injury's element of "'caus[ing] bodily injury' categorically involves the use of 'force capable of causing physical pain or injury to another person.'" *Id.* at 1417 (alteration in original, internal citation omitted) (quoting *Curtis Johnson*, 559 U.S. at 140).[1]

---

[1] The same analysis applies to Texas robbery-by-threat. Just as causing bodily injury requires the use of physical force, threatening or placing someone in fear of imminent bodily injury similarly requires the attempted or threatened use of physical force. *See* Tex. Penal Code § 29.02(a)(2). *See also United States v. Brewer*, 848 F.3d 711, 715 (5th Cir. 2017) ("[W]hile an express threat to use force may not be required for a conviction of robbery by intimidation, an implicit threat to use force is required. . . . It is hard to imagine any

No. 17-10478

My colleagues disagree, concluding that "Texas robbery-by-injury does not have use of physical force as an element." 892 F.3d 801, 812 (5th Cir. 2018). The majority reaches this conclusion by misreading both federal law (*Curtis Johnson*'s definition of "physical force") and Texas law (the definition of "bodily injury"). And, in doing so, the majority creates a split with the Eighth Circuit on whether Texas robbery is a violent felony. *See United States v. Hall*, 877 F.3d 800, 807 (8th Cir. 2017) (ruling that Texas robbery is a violent felony "[b]ecause there must be actual bodily injury or 'actual or perceived threat of imminent bodily injury'"). Even more concerning is that, under the majority's rationale, any statute has as an element "causing bodily injury" would not qualify as a violent felony under the ACCA—or, for that matter, as a "crime of violence" under 18 U.S.C. § 16(a). I respectfully dissent.

I.

In *Curtis Johnson*, the Supreme Court explained that "physical force" as used in the ACCA "means *violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140.

Curtis Johnson argued—and the Court agreed—that his Florida conviction for felony battery did not qualify as a "violent felony" under the ACCA. As the Court noted, the Florida Supreme Court had held that "the element of 'actually and intentionally touching' under Florida's battery law is satisfied by *any* intentional physical contact, 'no matter how slight.'" *Id.* at 138. Even the "most nominal contact, such as a tap on the shoulder without consent, establishes a violation" under Florida law. *Id.* (alterations, citation, and quotation marks omitted).

---

successful robbery accomplished by threatening some far-removed reprisal that does not involve physical force.").

The Government argued that Florida battery was a "violent felony" under the ACCA based on the common-law meaning of force. At common law, force was "satisfied by even the slightest offensive touching." *Id*. at 139. Accordingly, the Government contended, "physical force" under the ACCA was satisfied by even "only the slightest unwanted physical touch." *Id*. at 137.

The Court rejected the Government's reliance on the common law. "Although a common-law term of art should be given its established common-law meaning, we do not assume that a statutory word is used as a term of art where that meaning does not fit." *Id*. at 139 (internal citation omitted). "Ultimately, context determines meaning, and we 'do not force term-of-art definitions into contexts where they plainly do not fit and produce nonsense.'" *Id*. at 139–40 (internal citation omitted). The Court concluded that importing the common-law meaning of force into the ACCA would be inappropriate because the Court was "interpreting the phrase 'physical force' as used in defining not the crime of battery, but rather the statutory category of 'violent felonies.'" *Id*. at 140 (alteration omitted). "[T]here is no reason to define 'violent felony' by reference to [common-law battery, which is] a nonviolent misdemeanor." *Id*. at 142.

Accordingly, the Court ruled that Curtis Johnson's Florida conviction for felony battery did not qualify as a "violent felony" because "only the slightest unwanted physical touch" did not rise to the level of "force capable of causing physical pain or injury to another person." *Id*. at 137, 140. *See also United States v. Harris*, 844 F.3d 1260, 1265 (10th Cir. 2017) ("It is important to keep in mind why it was necessary for the Court to use the language it did. For it was rejecting the government's argument that physical force means 'force' known in common law battery parlance.").

The majority acknowledges that *Curtis Johnson* "defined 'physical force' as '*violent force*—that is, force capable of causing physical pain or injury to

another person.'" 892 F.3d at 809 (quoting 559 U.S. at 140). It concludes, however, that a "slap in the face" or "causing a bruise" is "not 'substantial' enough to be 'violent force.'" 892 F.3d at 810 & n.69.

But that conclusion conflicts with *Curtis Johnson* itself. *Curtis Johnson* explained that "physical force" requires "only that degree of force necessary to inflict pain—*a slap in the face, for example*." 559 U.S. at 143 (emphasis added).

The majority claims that it is "not clear" whether "a slap in the face would be 'violent force,'" because it is "unclear whether the Court was positing 'that degree of force necessary to inflict pain' . . . as synonymous with 'violent force.'" 892 F.3d at 810 n.69. But *Curtis Johnson* expressly defines "physical force" in terms of physical pain: "We think it clear that . . . the phrase 'physical force' means *violent* force—that is, *force capable of causing physical pain* or injury to another person." 559 U.S. at 140 (second emphasis added). The majority's contention is also inconsistent with no fewer than six of our sister circuits.[2]

---

[2] *See United States v. Bowles*, 2018 WL 2230626, at *3 (4th Cir. May 16, 2018) ("If a slap in the face qualifies as force capable of causing physical pain, then so must a push or a shove meant to rip property from a person who is resisting a theft.") (internal citation omitted); *United States v. Pyles*, 888 F.3d 1320, 1322 (8th Cir. 2018) ("[T]he force required is 'only that degree of force necessary to inflict pain—a slap in the face, for example.'"); *United States v. Swopes*, 886 F.3d 668, 671 (8th Cir. 2018) ("A blind-side bump, brief struggle, and yank—like the 'slap in the face' posited by *Johnson*—involves a use of force that is capable of inflicting pain.") (internal citation omitted); *United States v. Vail–Bailon*, 868 F.3d 1293, 1299 (11th Cir. 2017) (en banc) ("Nevertheless, physical force 'might consist . . . of only that degree of force necessary to inflict pain—a slap in the face, for example.'") (alteration in original); *United States v. Calvillo–Palacios*, 860 F.3d 1285, 1292 (9th Cir. 2017) ("Since under *Johnson*, a simple slap can qualify as violent, physical force, there is no question that a simple assault which is aggravated by *means* of serious bodily injury . . . is a crime of violence.") (internal citation omitted); *United States v. Jennings*, 860 F.3d 450, 457 (7th Cir. 2017) ("Any number of physical acts may cause physical pain: *Curtis Johnson* itself suggested that a slap in the face might suffice."); *United States v. Taylor*, 848 F.3d 476, 494 (1st Cir. 2017) ("If 'a slap in the face' counts as violent force under *Johnson* because it is 'capable' of causing pain or injury, a 'forcible' act that injures does, too, because the defendant 'necessarily must have committed an act of force in causing the injury.'") (internal citation omitted).

No. 17-10478

Nor does *Castleman* support the majority's contention. Indeed, the majority acknowledges that *Castleman* "expressly declined" to "decide the question whether minor injuries, such as a 'cut, abrasion, [or] bruise . . . . necessitate violent force, under [*Curtis*] *Johnson*'s definition of that phrase.'" 892 F.3d at 807 (alterations in original). Instead, as the *Castleman* majority explained, "Justice Scalia's concurrence suggests that these forms of injury"—"a cut, abrasion, bruise, burn or disfigurement; physical pain or temporary illness or impairment of the function of a bodily member, organ, or mental faculty"—"necessitate violent force, under *Johnson*'s definition of that phrase." 134 S. Ct. at 1414.

In his concurrence, Justice Scalia explained that "[h]itting, slapping, shoving, grabbing, pinching, biting, [and] hair pulling" all entail the use of "physical force" as defined by *Curtis Johnson* because each act is "capable of causing physical pain or injury." *Id.* at 1421 (Scalia, J., concurring) (alterations in original) ("None of those actions bears any real resemblance to mere offensive touching.").[3]

In sum, "since it is impossible to cause bodily injury without using force 'capable of' producing that result," a statute that requires "'caus[ing] bodily injury,' *categorically* involves the use of 'force capable of causing physical pain or injury to another person.'" *Id.* at 1416–17 (second alteration in original,

---

[3] *See Harris*, 844 F.3d at 1264–66; *Jennings*, 860 F.3d at 457 ("Justice Scalia's concurrence in *United States v. Castleman* thus makes the point that physical actions such as hitting, slapping, shoving, grabbing, pinching, biting, and hair-pulling all qualify as violent force under *Curtis Johnson*. . . . Because he was the author of the majority opinion in *Curtis Johnson*, courts have treated his concurrence on this point as more authoritative than it otherwise might be.") (internal citation omitted) (citing *Harris*, 844 F.3d at 1265, *United States v. Hill*, 832 F.3d 135, 142 (2d Cir. 2016), and *United States v. Rice*, 813 F.3d 704, 706 (8th Cir. 2016)). *See also United States v. Garcia*, 877 F.3d 944, 949–50 (10th Cir. 2017) ("Justice Scalia, *Johnson I*'s author, provided additional examples of actions which exceed 'mere offensive touching' and, similar to a slap in the face, are 'capable of causing physical pain or injury.'" He cited 'hitting, slapping, shoving, grabbing, pinching, biting, and hair pulling.'") (internal citation omitted).

emphasis added, internal citation omitted).  So a statute that requires "causing bodily injury" necessarily requires using "physical force" and therefore qualifies as a "violent felony."

## II.

Texas robbery-by-injury requires the State to prove that the defendant "cause[d] bodily injury to another."  Tex. Penal Code § 29.02(a)(1).  Bodily injury "means physical pain, illness, or any impairment of physical condition." Tex. Penal Code § 1.07(a)(8).  "[E]ven relatively minor physical contacts" are capable of causing bodily injury—"*so long as* they constitute *more than mere offensive touching*." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989) (emphases added).  In other words, Texas robbery-by-injury falls squarely within *Curtis Johnson*'s definition of a violent felony—it requires using force "capable of causing physical pain or injury."  559 U.S. at 140.  *See also Castleman*, 134 S. Ct. at 1416–17 (Scalia, J., concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result.").

The majority disagrees, citing concerns regarding both the degree of force required to cause and the degree of injury required to suffer bodily injury under Texas law.  892 F.3d at 809.

As to requisite degree of force, the majority asserts that "causing 'relatively minor physical contacts' (which are still more than 'mere offensive touching') does not entail the 'violent force' described in *Curtis Johnson*."  892 F.3d at 809–10.  But that is precisely what *Curtis Johnson* requires:  "violent force" is merely "force *capable of* causing physical pain or injury."  559 U.S. at 140, 143 (emphasis added) (requiring "only that degree of force necessary to inflict pain—a slap in the face, for example").[4]

---

[4] *See also Jennings*, 860 F.3d 450 at 457 ("[I]n suggesting that the force employed must be of such a degree as to cause (or threaten) more serious injuries in order to qualify as

No. 17-10478

As to the degree of injury, the majority first contends that "a minor injury, such as a bruise, . . . does not require *Curtis Johnson*'s violent force." 892 F.3d at 809–10.  As explained above, that contention is inconsistent with the precedents of the Supreme Court and our sister circuits.  *See supra* nn.2–3 and accompanying text.

Indeed, as one of the majority's own sources explains:  "A bruise 'is a traumatic injury of the soft tissues which results in breakage of the local capillaries and leakage of red blood cells.'  A person who causes a bruise causes physical impairment by causing the local capillaries to break, allowing red blood cells to leak into the surrounding tissue." *Gay v. State*, 235 S.W.3d 829, 834 (Tex. App.—Fort Worth 2007, pet. ref'd) (Dauphinot, J., dissenting).  Put another way, bruising "corroborates the fact that [the victim] was indeed injured to some extent." *Lane*, 763 S.W.2d at 787.  *See also* 892 F.3d at 809 ("In both cases, the [bruising] victims suffered some 'physical pain.'").

The majority further asserts that causing bodily injury does not necessarily require physical force because it "appears that pain is not a requirement" of bodily injury.  892 F.3d at 809 ("Any 'impairment of physical condition' is bodily injury.").  But even if that were true, it is beside the point. *Curtis Johnson* defines physical force in the disjunctive, as "force capable of causing *physical pain or injury*." 559 U.S. at 140 (emphasis added).

Finally, the majority crafts a "robbery-by-tripping" hypothetical to argue that causing bodily injury does not require using physical force.  *See* 892 F.3d at 811–12 ("By tripping the victim and causing him to fall, the robber 'impaired' the victim's 'physical condition,' satisfying the Texas definition of 'bodily injury,' but falling outside the boundaries of 'violent force' in *Curtis Johnson*.").

---

violent force, Jennings is setting the bar higher than *Curtis Johnson* itself does.  *Curtis Johnson* held that force sufficient to cause physical pain or harm qualifies as violent force.").

24

No. 17-10478

In other words, based on nothing more than its novel interpretation of "impairment of physical condition," the majority contends that a defendant could cause bodily injury *without* causing injury or pain. From that premise, the majority concludes that robbery-by-injury is not a violent felony. But neither the majority's premise, nor its conclusion, withstands scrutiny.

Even if it were hypothetically possible to cause bodily injury without also causing pain or injury, that would be wholly beside the point. *Curtis Johnson* defines "physical force" as "force *capable of* causing physical pain or injury"— it does not require that pain or injury actually result. 559 U.S. at 140 (emphasis added).

In addition, the majority does not cite a single case to support its contention that a defendant could impair someone's physical condition without causing either pain or injury.[5]

Nor could it: Texas courts have explained that "impairment" occurs when "a part of a person's . . . body is damaged or does not work well, esp. when the condition amounts to a disability." *Marshall v. State*, 479 S.W.3d 840, 844 (Tex. Crim. App. 2016). *See also Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012) ("Texas courts have interpreted 'impairment' to include the diminished function of a bodily organ.").

It is hard to understand how a defendant could cause "damage" to the victim's body (or internal organs) without also causing physical pain or injury. Instead, the majority's robbery-by-tripping hypothetical—like "tapping a victim on the shoulder and causing him to fall down and suffer great bodily harm"—"is a clever hypothetical," but it is also precisely "type of argument the

---

[5] The cases the majority cites when it introduces its robbery-by-tripping hypothetical merely confirm that Texas robbery-by-injury can be committed by "injuring someone during flight from the scene of a theft." 892 F.3d at 812 n.79 (citing *White v. State*, 671 S.W.2d 40, 42 (Tex. Crim. App. 1984), *Lightner v. State*, 535 S.W.2d 176, 177–78 (Tex. Crim. App. 1976), and Tex. Penal Code § 29.01).

No. 17-10478

Supreme Court has instructed us to avoid crediting." *United States v. Ceron*, 775 F.3d 222, 229 (5th Cir. 2014). As we have made clear, the "categorical approach requires 'more than the application of legal imagination to a state statute's language.'" *Id.* (quoting *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193 (2007)). *See also United States v. Brewer*, 848 F.3d 711, 714 (5th Cir. 2017) ("'[T]heoretical applications of a statute to conduct that would not constitute a [violent felony] do not demonstrate that the statutory offense is categorically not a [violent felony].'") (quoting *Duenas–Alvarez*, 549 U.S. at 197–98).

Indeed, the only case cited by the majority is an indictment (not a judicial decision) that charges a defendant with knowingly causing epileptic seizures. 892 F.3d at 812 & n.80 (citing *State v. Rivello* indictment). Surely the majority does not contend that epileptic seizures do not cause pain or injury.

Even holding all those problems to the side, the majority's contention that "tripping the victim" who is "giv[ing] chase" "and causing him to fall" does not involve "force capable of causing physical pain or injury" is simply unpersuasive. 892 F.3d at 812. If a slap in the face is capable of causing physical pain or injury, then so too is tripping someone and causing them to fall. *See United States v. Bowles*, 2018 WL 2230626, at *3 (4th Cir. May 16, 2018); *United States v. Verwiebe*, 874 F.3d 258, 261 (6th Cir. 2017) (Sutton, J.) (suggesting that "tripping somebody into oncoming traffic" requires the use of physical force). *See also Zuliani v. State*, 52 S.W.3d 825, 831 (Tex. App.—Austin 2001) ("The threshold for 'bodily injury'—physical pain—is low; no rational jury could believe the evidence that Dwinell slapped him, hit him, or pushed him down without also finding that she caused him at least physical pain."), *rev'd on other grounds*, 97 S.W.3d 589 (Tex. Crim. App. 2003).

\* \* \*

Texas robbery-by-injury requires proof that the defendant "cause[d] bodily injury to another." Tex. Penal Code § 29.02(a)(1). Because "it is

26

impossible to cause bodily injury without using force 'capable of' producing that result," Texas robbery-by-injury qualifies as a violent felony—it "*categorically* involves the use of 'force capable of causing physical pain or injury to another person.'" *Castleman*, 134 S. Ct at 1416–17 (Scalia, J., concurring) (emphasis added).

As the Eighth Circuit recently put it:  a "Texas robbery conviction constitutes a 'violent felony' under the force clause of the ACCA" because "Texas second-degree robbery requires at least as much violent force as required by *Johnson*."  *Hall*, 877 F.3d at 808.  "Because there must be actual bodily injury or 'actual or perceived threat of imminent bodily injury,' Texas second-degree robbery 'has as an element the use, attempted use, or threatened use of [violent] physical force,' which 'is force capable of causing physical pain or injury to another person.'"  *Id*. at 807 (alteration in original, internal citation omitted).

In ruling otherwise, the majority creates a circuit split, misinterprets both *Curtis Johnson* and *Castleman*, and relies on what can only be described as "legal imagination" in defining bodily injury under Texas law to require neither pain nor injury.  I respectfully dissent.