# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2019

Lyle W. Cayce
Clerk

No. 18-50775
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RONALD G. KIPP, also known as Ronald Kipp, also known as Mark Perez, also known as Ronald G. Kipp, Jr.,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:01-CR-249-1

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Ronald G. Kipp, federal prisoner # 28517-180, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his petition for a writ of audita querela for lack of jurisdiction. He is challenging the enhancement of his sentence under the career-offender guideline, which resulted in a 360-month sentence following his jury trial conviction for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50775

possession with intent to distribute 50 grams or more of a substance containing methamphetamine. He was also convicted of being a felon in possession of a firearm, for which he received a sentence of 120 months, to be served concurrently with the drug-offense sentence.

Kipp argues that in light of intervening changes in circuit law announced in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017), and *United States v. Burris*, 896 F.3d 320 (5th Cir. 2018), *opinion withdrawn,* 908 F.3d 152 (5th Cir. 2019), *on rehearing*, 920 F.3d 942 (5th Cir. 2019), his prior convictions for Texas delivery of heroin and for robbery by threat can no longer serve as predicates for a career-offender enhancement under the sentencing guidelines. He contends that he is entitled to seek relief under a writ of audita querela because it provides a remedy if a legal defense arises after a judgment was issued that was correct at the time it was entered. Further, he states that he has no adequate remedy under 28 U.S.C. § 2255, and he cannot obtain authorization to file a successive § 2255 motion.

By moving for leave to proceed IFP on appeal, Kipp is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into his good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Kipp has not shown that he is entitled to relief under a petition for writ of audita querela. A prisoner will be eligible for audita querela relief only "where there is a legal objection to a judgment" that arose after the judgment and if the prisoner presents a claim that "cannot be brought pursuant to any other post-conviction remedy." *United States v. Miller*, 599 F.3d 484, 488 (5th

No. 18-50775

Cir. 2010). Although Kipp's challenge to the career-offender enhancement is based on case law that was decided after his sentencing, he has failed to show that he has no remedy through a § 2255 motion. *See id.* The fact that a movant cannot meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable. *See Tolliver v. Dobre,* 211 F.3d 876, 878 (5th Cir. 2000). Kipp has failed to demonstrate that a remedy is unavailable under § 2255, which precludes him from obtaining relief under a writ of audita querela. *See Miller,* 599 F.3d at 488.

Accordingly, Kipp has shown no error in the district court's certification decision and has not established that he will raise a nonfrivolous issue on appeal. *See Baugh,* 117 F.3d at 202; *Howard,* 707 F.2d at 220. Kipp's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh,* 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.