# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41437
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

ELDER ROCAEL TZACIR-GARCIA,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In 2014, Elder Rocael Tzacir-Garcia pled guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and 1326(b)(2). Tzacir-Garcia was sentenced to forty-one months' imprisonment. He appealed, arguing that the district court committed plain error by concluding that he qualified for a sentencing enhancement under § 1326(b)(2)[1] because of a previous conviction

---

[1] Section 1326(b)(2) provides that any alien "whose removal was subsequent to a conviction for commission of an aggravated felony . . . shall be fined under such title, imprisoned not more than 20 years, or both."

No. 14-41437

for an aggravated felony, as defined in 8 U.S.C. § 1101 (a)(43). Section 1101(a)(43) incorporates the definition of crime of violence used in 18 U.S.C. § 16(b). We summarily affirmed Tzacir-Garcia's sentence, concluding that his prior Texas robbery conviction was a crime of violence under § 16(b). *United States v. Tzacir-Garcia*, 674 F. App'x 387 (5th Cir. 2017); *see* Tex. Penal Code Ann. § 29.02(a)(1).

The Supreme Court vacated our decision and remanded for us to reconsider in the light of *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), which held § 16(b) was unconstitutionally vague. *Alvaro-Velasco v. United States*, 138 S.Ct. 1977 (2018). At that time, Tzacir-Garcia's conviction for Texas robbery was not a crime of violence under § 16(a) because we had held that it lacked as an element the "use, attempted use, or threatened use of physical force." *United States v. Burris*, 896 F.3d 320 (5th Cir. 2018).

Upon remand, we directed the parties to file supplemental briefing. Tzacir-Garcia asked that we remand this case for the district court to amend the judgment to reflect conviction and sentencing under § 1326(b)(1),[2] not § 1326(b)(2).[3] The United States agreed that we should reform the judgment. *See United States v. Godoy*, 890 F.3d 531, 542 (5th Cir. 2018) (reforming judgment to reflect sentencing under § 1326(b)(1) without remanding to the district court).

---

[2] Section 1326(b)(1) provides that any alien "whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony) . . . shall be fined under Title 18, imprisoned not more than 10 years, or both."

[3] While Tzacir-Garcia has completed his sentence, this issue is not moot because a conviction under § 1326(b)(2) has the collateral consequence of rendering an alien permanently inadmissible to the United States. *See United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017).

No. 14-41437

Since that supplemental briefing was filed, however, the opinion in *Burris* was withdrawn, and the panel, in the light of *Stokeling v. United States*, 139 S.Ct. 544 (2019), and *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc), issued a new opinion holding that Texas robbery requires the "use, attempted use, or threatened use of physical force" and is therefore a crime of violence under the Armed Career Criminal Act. *United States v. Burris*, 920 F.3d 942, 945 (5th Cir. 2019). Accordingly, Tzacir-Garcia's conviction for Texas robbery is also a crime of violence under § 16(a) and thus an aggravated felony for purposes of § 1326(b)(2). *See United States v. Plaza-Montecillo*, No. 18-10688, 2019 WL 2406627, at *1 (5th Cir. June 6, 2019) (per curiam) (unpublished) (holding Texas robbery conviction qualified as an aggravated felony). We perceive no error in Tzacir-Garcia's conviction and sentence under § 1326(b)(2). The judgment of the district court is therefore

AFFIRMED.